**EIDERMANN v. HANSEN.    (No. 7586.)**

(Court of Civil Appeals of Texas. San Antonio. June 9, 1926. Rehearing Denied June 23, 1926.)

1. **Venue** ⟨⇒8.

Collision from negligent or unlawful operation of automobile constitutes trespass, within Rev. St. 1925, art. 1995, permitting suit to be brought where trespass is committed.

2. **Pleading** ⟨⇒111—Pleading facts by controverting affidavits, not proved by competent evidence, is insufficient to permit suit to be brought in county where trespass was committed, as against plea of privilege to be sued in county of domicile (Rev. St. 1925, art. 1995).

Pleading by controverting affidavits that "automobile causing collision was owned by defendant and driven by his wife with his knowledge and consent," not proved by competent evidence, is insufficient to bring action against husband alone in county where trespass was committed under Rev. St. 1925, art. 1995, as against husband's plea of privilege to be sued in county of domicile.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Paul Hansen against Ummie Eidermann. From interlocutory order overruling a plea of privilege, defendant appeals. Reversed and rendered, with directions.

Low & Polk, of San Antonio, for appellant.
Henry & Bickett, of San Antonio, for appellee.

SMITH, J. This appeal is from an interlocutory order overruling a plea of privilege.

Appellee brought this action in Bexar county against appellant, a resident of Hays county, for damages alleged to have been sustained to appellant's motor truck in a collision with an automobile on a San Antonio street. It was alleged that the automobile was owned by appellant and was being driven by his wife with his knowledge and consent, and that the collision occurred through her negligence, in violation of ordinances of the city of San Antonio. Appellee sued appellant alone, and did not join the latter's wife as a party defendant. Issue was joined on the question of privilege by a controverting affidavit, and upon a hearing the plea was overruled. Appellee has filed no brief in the case.

In the hearing of the plea of privilege, none of the facts relied upon by appellee to fix venue in Bexar county were proven by direct testimony. No witness who was present or saw the collision testified. The only witness put on the stand was appellee himself, who did not arrive at the scene of the accident until 10 minutes after it occurred. From his description of the position and condition of the colliding vehicles, the facts of the collision and of probable negligence may properly be inferred for the purpose of fixing venue. But there was no evidence by which appellant's ownership of either of the cars could even be inferred. The fact that appellant's wife was driving one of the colliding cars was shown only by the testimony of appellee that "she told me she was." There was no evidence that appellant's wife was acting as the agent of her husband, or that she was driving the car with his knowledge or consent, or that she was upon any errand in his individual or their joint behalf. Even if it had been competently shown that she was driving one of the cars, and that she was driving it in such manner as to constitute a trespass, yet, so far as the record shows to the contrary, the car may have been the property of a stranger, and appellant's wife may have been using it upon her individual and private errand, without knowledge, consent, or acquiescence of her husband.

[1] It is true that a collision resulting from the negligent or unlawful operation of an automobile constitutes a trespass within the

meaning of the ninth exception to the venue statute (article 1995, R. S. 1925), which provides that—

"A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile." ·

[2] But the privilege of the citizen to be sued in the county of his domicile is a valuable right, which ought not to be denied him unless the case is clearly brought within one of the exceptions fixed by statute. And the mere pleading by controverting affidavit of the facts establishing such exception is not sufficient to hold a nonresident defendant against his plea. Such facts must not only be pleaded; they must be clearly and satisfactorily proven by competent evidence. The facts pleaded and relied on here are that—

"The automobile of defendant, while being driven with his knowledge and consent by his wife, .ran into and collided with plaintiff's Ford truck," etc.

It may be, although we do not so decide, that these allegations would have been sufficient to fix venue against the nonresident and sole defendant, if those allegations had been clearly established by competent evidence. But the allegations were not proven, the case failed, and the plea of privilege should have been sustained.

The judgment is reversed, and judgment will be here rendered for appellant. Accordingly, the clerk of the county court of Bexar county is now directed to make up a transcript of all the orders made in this cause, certifying thereto officially under the seal of said court, and transmit it with the original papers in said cause to the clerk of the county court of Hays county.