·COYLE v. SHAILER et ux.

No. 3306.

Court of Civil Appeals of Texas. El Paso.

Feb. 27, 1936.

Templeton, Brooks, Napier & Brown, of San Antonio, and E. L. O'Meara, of Carrizo Springs, for appellant.

Johnson & Long, of Carrizo Springs, and John J. Cox, of San Antonio, for appellees.

HIGGINS, Justice.

Hosmer Shailer and wife brought this suit in Dimmit county against J. E. Coyle of Dallas county to recover damages caused by a collision between an automobile in which plaintiffs were riding and the trailer of an automobile truck. It was alleged the truck

was being driven upon the wrong side of the road, and, as the car and truck passed, the trailer struck the plaintiffs' car, damaging same and inflicting personal injuries upon Mrs. Shailer. Coyle pleaded his privilege to be sued in Dallas county. The plea was overruled. The controverting affidavit sought to sustain the venue in Dimmit county under subdivision 9 of the venue statute. Upon the hearing, the negligent act alleged was shown as well as the fact that it occurred in Dimmit county, but there is no evidence whatever the driver of the truck was an employee of Coyle, and it plainly appears such driver was not Coyle. Nor is there any evidence the truck belonged to Coyle except the testimony of Hosmer Shailer that the boy who was driving the same told him so.

In Highway M. F. Lines v. Slaughter (Tex.Civ.App.) 84 S.W.(2d) 533, it was held such a statement by the driver of a car immediately after the occurrence of an accident was admissible upon the issue of ownership, as part of the res gestæ, but in the case at bar it does not appear when the statement was made. It was hearsay and is insufficient to show Coyle owned the car. Texas Midland R. Co. v. Cummer Mfg. Co. (Tex.Civ.App.) 207 S.W. 617.

Plaintiff also introduced in evidence a certified copy of the records of the state highway department showing a certain described truck was registered in the name of J. F. Coyle, but there is no evidence the described truck is the one involved in the accident.

If it be conceded appellant's ownership of the car was sufficiently shown, there is no evidence the driver was an employee of Coyle.

In order to sustain the venue in Dimmit county under subdivision 9 of article 1995, it was necessary for appellees to show the trespass upon which their suit is based was committed in Dimmit county by appellant or his employee acting in the course of his employment. The evidence is insufficient to so show, for which reason the court erred in overruling the plea. Universal T. & D. Co. v. Ramos (Tex.Civ.App.) 47 S.W.(2d) 857; Robbins v. McFadden (Tex.Civ.App.) 61 S.W.(2d) 1032; Jones v. Womack-Henning & Rollins (Tex.Civ.App.) 53 S.W.(2d) 635; Eidermann v. Hansen (Tex.Civ.App.) 285 S.W. 847.

Reversed, and judgment here rendered sustaining the plea.