### BROWN EXPRESS, Inc., v. ARNOLD et ux.

### No. 8705.

Court of Civil Appeals of Texas. Austin.

June 23, 1938.

Rehearing Denied Nov. 2, 1938.

620

Messrs. Fuchs & Fuchs, of New Braunfels, for appellant.

Marion R. McClanahan, of San Antonio, and Schleyer & Bartram, of New Braunfels, for appellee.

BAUGH, Justice.

Appeal is from an interlocutory decree overruling appellant's plea of privilege to be sued in Bexar County. Appellant is a corporation domiciled in Bexar County, and engaged in operating a truck line between San Antonio, Texas, and Austin, Texas, over State Highway No. 2. Suit was for damages by appellees against J. L. Walker and appellant growing out of a collision between two automobiles, one driven by Benno Arnold and the other by J. L. Walker, on State Highway No. 2 near the city of New Braunfels, in Comal County, on Sunday night, December 1, 1935. It was alleged that Walker was vice-president and general manager of appellant corporation and acting in the course of his employment at the time of said collision; that same constituted a trespass within the provisions of Sub. 9 of Art. 1995, R.S.1925, which occurred in Comal County. Only the corporation filed a plea of privilege, which was duly controverted, a hearing had thereon, and same overruled; hence this appeal.

In the last analysis, only one question is here presented; i. e., whether there was sufficient evidence before the court to show "venue facts" authorizing the suit as to the corporation in Comal County under Sub. 9 of Art. 1995. Walker filed no plea of privilege to be sued in Bexar County, the county of his residence. As to him, "venue facts" constituting a trespass in Comal County were clearly shown. We do not understand that appellees assert venue in Comal County against appellant under Sub. 23 of Art. 1995. The corporation maintained no agency there.

It is the view of the majority of the court that when plaintiffs showed upon the hearing of the plea of privilege that a trespass within the meaning of Sub. 9 of Art. 1995, had been committed against the plaintiffs in Comal County; and that Walker, who committed it, was an employee of the corporation sued, they met the requirements of the venue statute authorizing such suit to be brought in that county; and that the issue as to whether or not he was at the time acting within the scope of his employment, and whether or not appellant was liable for his tort, was a matter to be determined upon the merits, and not a "venue fact" necessary to be proven upon the plea to the venue. The majority is of the opinion that the cases of Bradley v. Bank, 118 Tex. 274, 14 S.W.2d 810, cited with approval in Farmers' Seed and Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, and American Pub. Co. v. Holland, Tex.Civ.App., 89 S.W. 2d 286, control the instant case and under the uncontroverted facts shown on said hearing, require an affirmance of the trial court's judgment. Said judgment will, therefore, accordingly be affirmed; but the writer respectfully dissents from the majority view and hereinafter presents his views on the question presented.

The Bradley and Brooks Cases, supra, are cases involving Sub. 5 of Art. 1995, relating to contracts in writing performable where suit was brought, and in the writer's opinion do not afford an analogy to the question here presented under Sub. 9 of said Article. Manifestly when plaintiff shows that the defendant has contracted in writing to perform an obligation in the county where suit is brought, he has established the "venue facts" within exception 5, Vernon's Ann.Civ.St., without the necessity of showing a breach, or a cause of action under the other terms of the contract. In such case, execution of such contract being proven, the place of performance is the ground of venue, and not whether the defendant has or has not performed such contract. And this might be true in a suit to reform, rescind or modify such contract, whether breached or not.

The American Publishing Company Case was one involving libel and slander under Sub. 29 of said Article which expressly limits the venue in such cases to the counties indicated in the statute.

The exact issue here presented has never been passed upon by the Supreme Court. It is well settled, however, that the right of a defendant to be sued in the county of his residence is a valuable right, and to authorize a suit elsewhere the plaintiff, as against a plea of privilege, must bring his cause of action clearly within one of the ex-

ceptions under Art. 1995. Further, that such venue facts authorizing suit elsewhere than in the county of his domicile are referable to the provisions of the particular exception under which such venue is laid. Subdivision 9, here involved, and Subdivision 7, Vernon's Ann.Civ.St. (a suit predicated upon fraud), have been considered by the Supreme Court as being closely analogous in determining the venue issue. See Compton v. Elliott, 126 Tex. 232, 88 S. W.2d 91. In cases of fraud it devolves upon the plaintiff, where venue is challenged, to prove on such hearing "the essential elements of fraud." Benson v. Jones, 117 Tex. 68, 296 S.W. 865; Compton v. Elliott, supra. No reason appears why a like burden should not rest upon the plaintiff in a case of trespass under Sub. 9 of the statute. It is now settled that to bring a case under said subdivision there must be shown an affirmative act of negligence, an offense or crime on the part of the defendant sought to be charged. An act of omission amounting to negligence is not sufficient. While in such cases the result may be that on a venue hearing the plaintiff may be required, in effect, to try his case on the merits; but as stated in Compton v. Elliott this "is the price which the plaintiff pays for the benefits which he expects to derive from the exception. He may avoid the hardship of twice proving that the crime or offense was committed by filing his suit in the county of the defendant's residence." [Page 95.]

The writer thinks that there is necessarily involved in the holdings of the Supreme Court that the plaintiff on a venue hearing must prove the "essential elements of fraud," equally applicable to an issue of offense, crime, or trespass, the necessary inference that such burden must be met as to the defendant who challenges the venue by a proper plea of privilege. Manifestly a corporation can act only through its agents or employes. An "essential element" of a cause of action against it, therefore, necessary to be shown, would be that when such agent or employe committed such tort or trespass, he was in some binding capacity representing his employer; or at least that there be competent evidence adduced on the venue hearing raising that fact issue. Waco Cotton Oil Mill v. Walker, Tex.Civ. App., 103 S.W.2d 1071.

In the instant case the only competent evidence offered by plaintiffs was that Walker was an employe of the corporation and that he was driving a car registered in the name of the corporation in the early part of 1935. These facts, taken alone and not controverted, would have been sufficient to raise a presumption that Walker was acting within the scope of his employment. But the uncontroverted evidence introduced by appellant showed that the corporation had sold and had executed and delivered to Walker a bill of sale in writing to said car, in July, 1935; that Walker was paying for it in payments of $5 per week; and that on the day in question, being Sunday, he had come to Austin in company with a young lady, on an entirely personal mission, social in nature, in no way related to the scope of his employment nor to the business of the corporation. Consequently, as stated by Judge Alexander in Houston News Co. v. Shavers, Tex.Civ.App., 64 S. W.2d 384 writ refused, when such positive evidence was introduced "to the effect the servant was not engaged in the master's business at the time of the injury, the presumption is nullified and the burden is then upon the plaintiff to produce other evidence or his cause fails." [Page 386.] And in appeals from judgments sustaining or overruling pleas of privilege a review of the fact issues relating to venue is the same on appeal as in any other appealed case. Compton v. Elliott, supra.

An essential element of a cause of action against a corporation, which can act only through its agents or employes, is to show that the act of the agent at the time was done under such circumstances as to at least raise a fact issue as to whether the corporation was liable. And where the evidence introduced at the venue hearing not only wholly fails to show any liability on the part of the corporation for the tort of one of its employes, but affirmatively shows the contrary, the writer is of the opinion that plaintiffs wholly failed to prove the venue facts essential to sustain venue in the county where the suit was filed.

While, as above stated, this exact question has never been determined by the Supreme Court, it has been passed upon by at least four of the courts of civil appeals, contrary to the majority holding herein, and with which decisions the majority holding is in conflict. The exact question was before the San Antonio Court of Civil Appeals in John F. Camp Drilling Co. v. Steele, 109 S.W.2d 1038, wherein that court held contrary to the view of the majority herein. The majority view is also clearly in conflict with Waco Cotton Oil Mill v.

622

Walker, 103 S.W.2d 1071, by the Waco Court of Civil Appeals; with Coyle v. Shailer, 91 S.W.2d 920, by the El Paso Court of Civil Appeals; and with L. E. Whitham Const. Co. v. Wilkins, 90 S.W.2d 916, by the Eastland Court of Civil Appeals. All of the above cases involved the quantum of proof required of the plaintiff on pleas of privilege in automobile collisions alleged to constitute trespasses under Sub. 9 of Art. 1995. And in the writer's opinion the majority holding herein is also in conflict with the holding of Judge Critz in Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S. W.2d 347, wherein, in discussing Sub. 9 on the issue of venue, it is said [page 352]: "To our minds under this subdivision alone a nonresident defendant cannot be sued outside the county of his residence unless he has participated in the crime, offense, or trespass in the county where the suit is filed." The only way the corporation could participate in such trespass would be through its agent or employe; and where the evidence affirmatively shows, as it does here, that the agent was not, in the commission of the trespass, acting for the corporation, but was engaged entirely upon a mission of his own, how can it be said that the corporation was shown to have participated in the trespass?

For the reasons stated, I respectfully dissent from the opinion of my associates and am of the opinion that the judgment of the trial court should be reversed with instructions that appellant's plea of privilege be sustained and the cause as to it transferred to the District Court of Bexar County, Texas.

Affirmed.