BROWN EXPRESS COMPANY, INCORPORATED, V. HONORABLE
JAMES W. MCCLENDON, CHIEF JUSTICE, ET AL.

No. 7505. Decided May 15, 1940.
(139 S. W., 2d Series, 783.)

*Fuchs & Fuchs,* of New Braunfels, for relator.

*Marion R. McClanahan,* of San Antonio, and *Schleyer & Bartram,* of New Braunfels, for respondents.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The relator, Brown Express, Inc. (a corporation), has presented its application for the issuance by this Court of a writ of mandamus to compel the Honorable James W. Mc-Clendon, and the other justices of the Court of Civil Appeals for the Third Supreme Judicial District, to certify to this Court for decision the conflict which occurrs between the decisions of other Courts of Civil Appeals and the ruling of said Court of Civil Appeals for the third district, In the case of Brown Express, Inc., v. Arnold et ux, 120 S. W. (2d) 619. The nature of said case just named, and of the ruling therein of said Court of Civil Appeals, appear from the following extract from the reported opinion of said court, towit:

"Appeal is from an interlocutory degree overruling appellant's plea of privilege to be sued in Bexar county. Appellant is a corporation domiciled in Bexar county, and engaged in operating a truck line between San Antonio, Texas, and Austin, Texas, over State Highway No. 2. Suit was for damages by appellees against J. L. Walker and appellant growing out of a collision between two automobiles, one driven by Benno Arnold and the other by J. L. Walker, on State Highway No. 2 near the city of New Braunfels, in Comal County, on Sunday night, December 1, 1935. It was alleged that Walker was vice-president and general manager of appellant corporation and acting in the course of his employment at the time of said collision; that same constituted a trespass within the provisions of Sub. 9 of Art. 1995, R. S. 1925, which occurred in Comal County. Only the corporation filed a plea of privilege, which was duly controverted, a hearing had thereon, and same overruled; hence this appeal.

"In the last analysis, only one question is here presented; i.e., whether there was sufficient evidence before the court to show 'venue facts' authorizing the suit as to the corporation in Comal County under Sub. 9 of Art. 1995. Walker filed no plea of privilege to be sued in Bexar County, the county of his residence. As to him, 'venue facts' constituting a trespass in Comal County were clearly shown. We do not understand that appellees assert venue in Comal County against appellant under Sub. 23 of Art. 1995. The corporation maintained no agency there.

"It is the view of the majority of the court that when plaintiffs showed upon the hearing of the plea of privilege that a trespass within the meaning of Sub. 9 of Art. 1995, had been committed against the plaintiffs in Comal County; and that Walker, who committed it, was an employee of the corporation sued, they met the requirements of the venue statute authorizing such suit to be brought in that county; and that the issue as to whether or not he was at the time acting within the scope of his employment, and whether or not appellant was liable for his tort, was a matter to be determined upon the merits, and not a 'venue fact' necessary to be proven upon the plea to the venue."

The ruling of said court, made by a majority of its members as indicated above, in respect to the "venue facts" required to be proven in order to establish venue under the provisions of Sub. 9 of Article 1995 of the Revised Statutes, is in conflict with the devisions of other Courts of Civil Appeals

which involve the same question, including the case of John F. Camp Drilling Company v. Steele, 109 S. W. (2d) 1038. Because of this conflict, the application for the writ of mandamus is granted, and the honorable justices of said Court of Civil Appeals for the third district are commanded to certify to this Court for decision the question of law involved in said conflict.

Opinion adopted by the Supreme Court May 15, 1940.