BROWN EXPRESS, INCORPORATED, V. BENNO ARNOLD ET UX.

No. 7752. Decided December 10, 1941.
(157 S. W., 2d Series, 138.)

*Fuchs & Fuchs,* of New Braunfels, for appellant.

*Marion R. McClanahan,* and *Schleyer & Bartram, of* New Braunfels, for appellees.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

In this case Benno Arnold and wife sued Brown Express, Inc., and J. L. Walker for damages alleged to have been sustained by the former in a collision between an automobile driven by Arnold and one driven by Walker. The collision occurred in Comal County, where this suit was filed. Brown Express, Inc., a corporation with its domicile in Bexar County, duly filed its plea of privilege to be sued in that county. Plaintiffs duly controverted said plea claiming venue in Comal County on the ground that defendant Brown Express, Inc., had committed a "trespass" there, under Sub. 9, Art. 1995, R. S. 1925. Walker filed no plea. The Arnolds sought to show that Brown Express, Inc., had committed the trespass as alleged because Walker in operating his automobile at the time of the collision was the agent of Brown Express, Inc.

Upon the issue thus joined, the trial court heard testimony and overruled the plea of privilege. In a divided opinion, Justice Baugh dissenting, the Court of Civil Appeals sustained the trial court's order. 120 S. W. (2d) 619. The controversy in the courts below and here relates to whether the testimony showed that Brown Express, Inc., had committed a trespass against the plaintiffs in Comal County, that is, whether proof that Walker was the agent of Brown Express, Inc., at the time of the collision was sufficient to show a trespass committed by

his principal, in the absence of proof that he was at such time acting in the scope of his employment as such agent.

In obedience to a writ of mandamus issued by the Supreme Court (Brown Express Co., Inc., v. McClendon, 135 Texas 58, 139 S. W. (2d) 783) the Court of Civil Appeals has presented the matter to us in the following certified question:

"Did this Court, in its judgment and in the majority view expressed in its opinion (Associate Justice Baugh dissenting therefrom) err in holding 'that when plaintiffs showed upon the hearing of the plea of privilege that a trespass within the meaning of Sub. 9 of Art. 1995, had been committed against the plaintiffs in Comal County; and that Walker, who committed it, was an employee of the corporation sued, they met the requirements of the venue statute authorizing such suit to be brought in that county; and that the issue as to whether or not he was at the time acting within the scope of his employment, and whether or not appellant was liable for his tort, was a matter to be determined upon the merits, and not a venue fact necessary to be proven upon the plea of the venue'."

Under Sub. 9, of Art. 1995, supra, a nonresident defendant cannot be sued outside the county of his residence unless he has participated in the trespass in the county where the suit is filed. Henderson Grain Co. v. Russ, 122 Texas 620, 64 S. W. (2d) 347. Obviously, if Brown Express, Inc., committed a trespass in Comal County against Arnold it did so only because of some positive act committed by Walker. It is equally true that no positive act of Walker's could be regarded as that of Brown Express, Inc., unless in committing the same he was acting in the course of his employment by it. Gordon v. Texas & Pac. Mer. & Mfg. Co. (Civ. App.), 190 S. W. 748 (Er. ref.). In this case the testimony not only fails to show that Walker was so acting at the time of the collision but is rather persuasive that he was on a mission of his own. To sustain venue in this case on the ground of trespass certainly the plaintiff would have to show (1) that the act of Walker constituted a trespass; (2) that he was the agent of Brown Express, Inc., and (3) that when he committed it he was acting in the course of his employment as such agent. See Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91. A late case in point is Longhorn Drilling Corp. v. Padilla (Civ. App.), 138 S. W. (2d) 164.

Therefore, we answer the aforesaid certified question in the affirmative.

Opinion adopted by the Supreme Court December 10, 1941.