**WILSON v. RYAN.**

No. 11142.

Court of Civil Appeals of Texas. San Antonio.

April 1, 1942.

See, also, 163 S.W.2d 448.

Miller & Dawson, of Sinton, for appellant.

David M. Stiles, of Cuero, for appellee.

SMITH, Chief Justice.

The appeal is from an order of the County Court of DeWitt County overruling appellant's plea of privilege to be sued in San Patricio County, of which he is a resident.

Appellee sought to sustain venue under the 9th exception to the general venue statute, Art. 1995, Vernon's Ann.Civ. Stats., in which it is provided that suits upon trespass may be brought in the county in which the trespass is committed.

The plea of privilege was not acted upon at the term of court to which it was returnable, but at a subsequent term. The record discloses no reason or cause or order authorizing the delayed disposition of the matter. In such situation appellee, as plaintiff below, will be assumed to have waived her right to resist change of venue, and the trial court had no jurisdiction to deny the plea at a later term. McDaniel v. Gonzalez, Tex.Civ. App., 149 S.W.2d 617. Appellant's first point is sustained.

Appellee sought to sustain venue upon allegations that appellant through his authorized agent committed a trespass against her in DeWitt County, by negligently driving his truck into a collision with her car, which was parked on a street of the City of Cuero.

The only testimony as to ownership or operation of the offending truck was that given by appellee herself, who testified, simply and only, that her car was "badly damaged by a driver of a truck belonging to Mr. J. Shelton Wilson," the appellant. It is obvious that this testimony was not sufficient to show the venue fact that the vehicle was being operated by an agent of appellant acting within the scope of his employment at the time of the alleged trespass. The burden was upon appellee to show this fact, which was essential to bring the case under the 9th exception to the venue act. Brown Express v. Arnold, Tex.Com. App., 157 S.W.2d 138; Longhorn Corp. v. Padilla, Tex.Civ.App., 138 S.W.2d 164; Coyle v. Shailer, Tex.Civ.App., 91 S.W.2d 920. We sustain appellant's second point.

Moreover, appellee wholly failed to adduce any evidence establishing or tending to establish the commission of a trespass. Appellee herself did not see the accident, or know of it until sometime after it occurred. Two witnesses testified they saw the offending truck two blocks distant from the collision, when, according to one, it failed to stop at a stop sign, the other that it was traveling at a rate of thirty-five miles per hour at another point. One of them testified that he "viewed the collision," but testified to no fact or circumstance occurring before, at the time of, or after it happened.

This testimony of those witnesses was all that was adduced concerning the nature or circumstance of the accident, and, of course, it afforded no evidence of a trespass. Besides, there was no evidence upon the hearing that the alleged trespass occurred in DeWitt County. We sustain appellant's remaining points, three and four.

The judgment will be reversed and judgment here rendered that the venue of the suit be transferred to the County Court of San Patricio County, as provided in Art. 2020, R.S.1925, as amended by the Acts of 1933, 43rd Leg. p. 546, Ch. 177, Vernon's Ann.Civ.St. art. 2020 note.