### MORELAND v. HAWLEY INDEPENDENT SCHOOL DIST.

### No. 2268.

Court of Civil Appeals of Texas. Eastland.

May 22, 1942.

Rehearing Denied June 26, 1942.

894

McMahon, Springer & Smart, of Abilene, for appellant.

Wiley L. Caffey, of Abilene, for appellees.

FUNDERBURK, Justice.

This is an appeal from a judgment overruling a plea of privilege of H. J. Moreland in a suit brought in Jones County by Hawley Independent School District against said H. J. Moreland, G. P. Harber and Joe Edins, all residents of Taylor County. Venue of the suit was sought to be sustained under exceptions 9 and 29a of R. S. 1925, Art. 1995, Vernon's Ann.Civ.St. art. 1995, subds. 9, 29a.

█ Unless venue as to defendant Joe Edins was authorized under exception 9, then exception 29a could not operate to sustain the venue as to defendant H. J. Moreland. Exception 29a operates only in combination with some other exception, with the result that if no other exception exists to support the venue as to any defendant, then exception 29a can have no application. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894; Crawford v. Sanger, Tex.Civ.App., 160 S.W.2d 115. That exception 29a operates only in connection with some other exception, see Pioneer Building & Loan Association v. Gray, 132 Tex. 509, 125 S.W.2d 284.

Two grounds upon which a reversal is sought are that (1) there was no evidence that any trespass was committed, and (2) even if there was, there was no evidence that the trespass was committed in Jones County.

█ In our opinion, there was evidence not insufficient to raise both of said issues. All the evidence relating to such issues consisted of the testimony of Joe Mathis, the driver of the school bus. He was not a party to the suit. The court was not bound by his estimate that the truck was going about 40 miles an hour if there was evidence to support an inference of a greater speed. The issue as to the speed of the truck would not necessarily be concluded against the plaintiff, even if there was no evidence to show that such speed was in excess of 45 miles an hour. There was evidence (and none to the contrary) that warranted the conclusion that the school bus had started across the highway at a time when the truck was about 150 yards from the intersection; that the position of the school bus was in plain view of the driver of the truck and that the latter was unable to avert the collision with the school bus before the latter had reached the middle of the highway. This would seem to warrant, if not require, an inference that the truck was moving at a high and dangerous speed. In other words, the conclusion that the truck was being driven at a negligent rate of speed, whether over 45 miles an hour or less, was not without supporting evidence.

█ Upon the other issue, there was evidence that the unincorporated town of Hawley and the Hawley Independent School District are in Jones County; that the place of the collision was the intersection of a *street of said town* with a state highway, and that, therefore, the place of the collision was in Jones County. There was evidence of other corroborating facts altogether fully warranting the conclusion, we think, that if a trespass was committed as alleged, the place of its commission was in Jones County.

██ Two other grounds urged for reversal of the judgment are (1) that there was no evidence that Joe Edins, driver of the truck, was the agent of H. J. Moreland, and (2) even if he was such agent, there was no evidence that in driving the truck he was acting within the scope of his authority. These points, we think, must be sustained. There was evidence that the truck was owned by H. J. Moreland; but there was no other competent evidence of any probative value upon said issues. There was no evidence that Joe Edins in driving the truck was performing any service for the owner. There was no evidence that he was an employee of Moreland. There was, therefore, of course, no evidence that if he was an agent or employee he was acting within the scope of his employment. There was no evidence to sustain the allegation in plaintiff's petition to the effect that H. J. Moreland and G. P. Harber operated under the "trade name of Dr. Pepper Bottling Company" and/or "Seven-Up Bottling Com-

pany." There was no competent evidence that the truck had any name on it; or that it was usually used in the conduct of any particular business. The absence of evidence in all these respects left no supporting basis for any presumption which when the supporting facts are uncontradicted might in lieu of evidence have served to support such issues. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S. W.2d 763.

■ We are not unmindful that in some jurisdictions it is held that "where a plaintiff seeks to hold the defendant liable for injuries proximately resulting from the negligent operation of a motor vehicle by another, proof of the ownership of the car by defendant makes out a prima facie case, on the theory that this fact justifies an inference or raises a presumption that the driver was the agent or servant of the owner, and that he was operating the car at the time of the accident in pursuance of the owner's business and within the scope of his employment." Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1636, § 42. That rule, so far as we have found, has had no recognition by any court of this State. Such a rule undoubtedly, it seems to us, ignores the principle that one presumption may not be supported by another presumption. If it should be granted that upon such facts a presumption that the driver was a servant of the owner would arise, the further presumption that such servant was in the course of his employment would have nothing to support it except the first mentioned presumption.

The rule to which Texas cases are cited is stated in the same authority to be that "proof of ownership by defendant of the car causing the accident, together with *added proof* that the negligent driver was in the general employ of the defendant, raises a presumption that the driver was acting within the scope of his employment." (Italics ours). Id., § 42, p. 1639. Trachtenberg v. Castillo, Tex.Civ.App., 257 S. W. 657; Shrader v. Roberts, Tex.Civ.App., 255 S.W. 469; Lang Floral & Nursery Co. v. Sheridan, Tex.Civ.App., 245 S.W. 467; Christensen v. Christiansen, Tex.Civ. App., 155 S.W. 995; Studebaker Bros. Co. v. Kitts, Tex.Civ.App., 152 S.W. 464. See, also, Gordon v. Texas & Pacific Merc. & Mfg. Co., Tex.Civ.App., 190 S.W. 748; Weber v. Reagan, Tex.Civ.App., 91 S.W.2d 409; Longhorn Drilling Corp. v. Padilla, Tex.Civ.App., 138 S.W.2d 164. The neces-

sary fact basis for such presumption was absent from the evidence in this case.

■ In answer to a certified question, the Supreme Court, in a case not distinguishable from this, has recently declared that "To sustain venue in this case on the ground of trespass certainly the plaintiff would have to show (1) that the act of Walker [the alleged agent] constituted a trespass; (2) that he was the agent of Brown Express, Inc., and (3) that when he committed it he was acting in the course of his employment as such agent." Brown Express, Inc., v. Arnold, Tex.Com.App., 157 S.W.2d 138, 139. Under this authority, and the state of the evidence as before recited, there is no escape from the conclusion that there was no evidence to sustain venue under exception 9 in Jones County as to H. J. Moreland.

■ It remains to consider whether the action of the court in overruling the plea of privilege was proper under exception 29a. This question first suggests itself: When under provision of exception 29a venue may be sustained as to a necessary party claiming his privilege to be sued in the county of his residence, how is the fact that he is a necessary party required to be proved? We have considered this question before and have expressed our views in two cases. Crawford v. Sanger, Tex.Civ.App., 160 S. W.2d 115, 119; Reed v. Walker, Tex.Civ. App., 158 S.W.2d 894, 898. Briefly restated, such view is to the effect that since, under exception 4, permitting the joinder of *proper* parties, the fact of whether a defendant is a *proper* party pertains to the nature of the suit and is, therefore, provable by the allegations of plaintiff's petition, as held in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; so, also, under exception 29a, the fact of whether a person is a *necessary* party pertains to the nature of the suit and is provable in the same way. In other words, whether a defendant is a *necessary*, as well as whether he is a *proper* party, is a fact determinable only from the allegations of plaintiff's pleadings.

■ A majority of the members of this court are of the opinion that the question of whether exception 29a is applicable and sustains the venue as to Moreland has been foreclosed by decisions of the Supreme Court in Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Pierson v. Pierson, 136 Tex. 310, 150 S.W.2d 788, 790; Commonwealth Bank & Trust Co. v.

896

Heid Bros., 122 Tex. 56, 52 S.W.2d 74; Sproles v. Copeland, Tex.Civ.App., 67 S.W. 2d 1076, 1077; and Stockyards Nat. Bank v. Maples, 95 S.W.2d 1300, 1302. These decisions seem to require us to hold that since the plaintiff elected by the suit, as brought, to hold H. J. Moreland to a joint liability with Joe Edins that, therefore, Moreland is a necessary party to the suit. Since we have found that venue as to Joe Edins in Jones County was authorized under exception 9 it follows that venue was authorized as to Moreland under exception 29a in order that plaintiff may secure "full relief in 'such suit.'" It is, therefore, the conclusion of the majority that the order overruling the plea of privilege should be affirmed, and it is accordingly so ordered.

### Dissenting Views of the Writer.

Except for the recent decision in Brown Express, Inc., v. Arnold, supra, the writer would be able to concur in the judgment required by the majority opinion; such concurrence based, however, upon the view that the venue as to Moreland was, by the pleadings and evidence, sustained under exception 9, the same as it was sustained as to Joe Edins. I am unwilling to accept the decisions of the Supreme Court as having foreclosed the question that Moreland was a necessary party to the suit under exception 29a.

I am forced to recognize that this court is bound by the decision in the Brown Express case. Though that decision be binding, I am taking the liberty of criticizing it. I have long deplored the contradictions and consequent uncertainties and confusion manifest in the decisions of this State on the subject of pleas of privilege. It was a source of gratification that there was some clearing up of the subject in the decision in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, followed by still further clarification in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Although I have not changed my views as expressed in the minority opinion of this court in the Compton-Elliott case, 55 S.W.2d 250, yet the contrary opinion of the Supreme Court was clear and workable and furnished a dependable guide for the solution of almost any question to arise regarding pleas of privilege. The case of Stockyards National Bank v. Maples, supra, really was but an amplification and particular application of the principles declared in the Compton-Elliott case. The decision in Brown Express, Inc., v. Arnold, supra, is to be deplored, I think, because its implications are in principle contrary to Stockyards Nat. Bank v. Maples, and, for that reason, will be the source of continued uncertainty and confusion. In the Stockyards case it was determined, relative to exception 4, that the nature of the suit was a venue fact, the required proof of which was furnished by the allegations in the plaintiff's petition. It was held, in effect, that as pertaining to the nature of the suit and provable by the allegations in plaintiff's petition was the fact that defendant, asserting his privilege, was, or was not, a *proper* party to the suit. (The test of proper party was whether the petition alleged [127 Tex. 633, 95 S.W.2d 1302] "a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits."). There necessarily followed the conclusion that whether there existed in fact any cause of action against the non-resident defendant was irrelevant on any issue of venue.

If, as thus held with reference to exception 4, the fact of whether a suit is a suit against two or more defendants residing in different counties in which the non-resident defendant is a proper party be a fact pertaining to the nature of the suit, provable by plaintiff's petition, then what semblance of logic or reasoning could be brought to bear in support of a proposition that the fact of whether a suit is one "based upon a crime, offense, or trespass" under exception 9, including whether a defendant is a proper or necessary party, is not a venue fact pertaining to the nature of the suit, or would not be provable by the allegations of the plaintiff's petition? Any such attempted distinction would appear to be illogical and unreasonable and certainly would result in the substitution of unnecessary complexity for desirable simplicity.

If, as held in the Stockyards case, the plaintiff's petition proves the nature of the case because it "is 'the best and all-sufficient evidence of the nature of the action'"; and the nature of the case, as so proved, is that it is one "based upon a crime, offense, or trespass", it is in order to inquire what other venue facts are expressed or implied in exception 9. The pertinent part of that exception is: "a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or tres-

pass was committed." In the present suit there is but one cause of action asserted. It is deemed needless to cite authorities to support that proposition. The cause of action alleged against the driver of the truck, Edins, is the same cause of action alleged against the employer, Moreland. The liability sought by the suit to be enforced against Moreland is liability for the same alleged negligent acts and omissions (whether constituting trespasses, crimes, offenses, or not) for which Edins is sought to be adjudged liable. The only difference is one not affecting the nature of the suit, namely, that the alleged acts and omissions were the personal acts and omissions of Edins and not of Moreland. Does such difference affect the nature of the suit? It does not make the cause of action against one a different cause of action from that against the other. This is demonstrated by the fact that if the liability of each be established by separate suits, as may be done, the discharge of one judgment would automatically discharge the other. When the wrong is single, there can be but one satisfaction for such wrong.

When but one cause of action is involved there obviously can be no practical distinction between the nature of the cause of action and the nature of the suit. A suit may embrace more than one cause of action, just as one cause of action may embrace more than one ground of recovery; but where a suit embraces but one cause of action, just as where a cause of action embraces but one ground of recovery, there is identity in the nature of the suit and the cause of action, or the nature of the cause of action and the ground of recovery. Plaintiff's petition being the "best and all-sufficient evidence of the nature of the action" it established the nature of the present action to be a suit "based upon a crime, offense, or trespass." Certainly no one would contend that such was not the nature of the suit as to defendant Edins, but since there is but one suit and one cause of action involved, then just as certainly as that things equal to the same thing are equal to each other, it must be true that if the nature of the suit as to Edins is that it is a suit based upon a trespass its nature as to Moreland is that it is one based upon a trespass. It is not sought by the suit to establish a civil liability for a trespass as such against either defendant. The liability claimed is for negligent acts and omissions. It is unimportant as to any question of liability sought by the suit to be adjudicated

whether the acts constituted trespasses, or the acts or omissions constituted crimes. The only importance of those questions springs from the fact that the Legislature has seen fit to provide that if the acts constitute trespasses or the acts or omissions constitute crimes or offenses, then a suit seeking to establish liability for such acts or omissions may be brought in the county where the crimes, offenses or trespasses were committed.

It is next in order to inquire, since the nature of the suit is that it is one based upon a crime, offense or trespass, and since that is a venue fact conclusively established by plaintiff's petition, to what venue fact would evidence be relevant that Edins was, or was not, the servant, agent or employee of Moreland, or was, or was not, in the commission of the alleged acts or omissions acting within the course of his employment? No such evidence can be given any effect without in principle repudiating the proposition that plaintiff's petition constitutes "the best and all-sufficient evidence." Hence, it seems to me that the decision in Brown Express, Inc., v. Arnold, supra, unsettles an important question and that without apparent intention to do so—which was determined in the Stockyards case.

In the recent case of Hurley v. Reynolds, 157 S.W.2d 1018, 1021, wherein venue was sought to be sustained as against master and servant on the ground that the suit was based upon a crime or offense committed by the servant in the county where the suit was brought, we enumerated the venue facts involved as follows: "(1) That the suit was one based upon a crime, offense or trespass; (2) that the crime, offense or trespass, if any, upon which the suit is based was, in fact, committed [this although enumerated as one venue fact was shown to consist of a number of venue facts each being an element in the crime, offense or trespass]; (3) that such crime, offense or trespass, if any, was committed in Taylor County." As the writer of that opinion, I am unable upon further study of the question to see any fault in the conclusion just stated. With some embarrassment, however, because of the aberration of mind which it now seems could only account for such inconsistency, I must, so far as I can do so individually, recant the following: "But, how about the defendant Hurley who committed no crime or offense? Some additional evidence was required in order to identify the crime or offense actually com-

mitted by Roemer in Taylor County as the alleged crime or offense upon which the suit —as a suit against Hurley—was based. Evidence that Roemer in operating the truck was the employee of Hurley, identified the crime or offense of Roemer as being a crime or offense upon which the suit was based as to Hurley as well as Roemer." If the fact that Roemer was the employee of Hurley was necessary to be proved, then, of course, it was a *venue fact,* and manifestly a venue fact additional to the three previously listed as comprising all the venue facts in issue under exception 9. If the fact that Roemer was the *employee* of Hurley was a venue fact, then logical consistency requires the admission that whether he was *acting within the scope of his employment was another* and additional venue fact. Both facts were alike issues relating to liability. Neither are expressed nor implied as venue facts in the language of exception 9 as a simple reading of its provisions shows.

If the venue facts are as above listed, then the venue facts involved in a suit based upon a trespass are no different from the venue facts involved in a suit based upon a crime or offense, except only as the fact elements of the crime or offense differ from the fact elements of the trespass. Plaintiff's petition is the proof that the suit is based upon a crime or offense, just the same as it is the proof that a suit is based upon a trespass. The nature of the suit as one based upon a crime or offense is no more affected by the fact that one of the defendants did not personally commit the crime or offense than it is by the fact that one of the defendants did not personally commit the trespass. It is not the theory of such a suit that the master commits the trespass by and through a servant any more than that he commits a crime by or through a servant. The servant in committing a trespass may be acting directly contrary to express directions of the master. How, then, can it be said that the master commits the trespass any more than he commits the crime by and through his servant? His liability is not for a trespass or a crime as such. It is for negligence, an element of which is an act or omission constituting a trespass or a crime. The master's liability is one imposed by law for the acts and conduct of another, not because such acts and conduct are his own, but because of the policy of the law to hold him liable for the acts and conduct of his servant

committed within the course of the employment.

There are a few decisions which declare a distinction between a suit based upon a trespass and one based upon a crime, and seem to hold that exception 9 as to the latter has no application to sustain venue against a non-resident defendant upon establishing that his servant or employee committed a crime or offense in the county without proof that the master was personally guilty of the crime or offense either as principal or accomplice. Such a view is inconsistent with the holding in Stockyards Nat. Bank v. Maples, supra, that plaintiff's petition is the proof of the nature of the case. The origin of the idea is some language—purely dicta—in Austin v. Cameron, 83 Tex. 351, 18 S.W. 437, 438. At the time of that decision, the controverting plea to a plea of privilege, familiar in modern practice, was unknown. The opinion is susceptible to the interpretation that plaintiff by his petition did not seek relief for any act (not a trespass) which might have been shown to be a crime or offense. At any rate, that the question was not necessary to the decision is shown by the following language of the opinion, "Counsel for appellant in fact have not contended that the venue could be sustained upon this ground."

But regarding the question as settled contrary to the above views, then I think the judgment overruling the plea of privilege should be reversed on the ground that Moreland was not a necessary party to the suit against Edins, and, therefore, venue as to Moreland was not sustained under exception 29a.

No one will be heard to question that the suit, asserting the same cause of action, could have been brought and prosecuted to final judgment against Edins alone. It could have been brought just as it was and Moreland dismissed without affecting the authority of the court to proceed to trial and judgment against Edins alone. Since venue in Jones County was necessary to be sustained as to Edins, under exception 9, before exception 29a could possibly have been applicable, it is necessary in considering a question of the applicability of exception 29a to view the suit as a suit against Edins. It being established that venue as to Edins was proper under exception 9, the question is, Was Moreland a necessary party to that suit?

No act or omission of Moreland having been alleged, or proved, to have concurred with any act or omission of Edins, it is not entirely accurate to say that Edins and Moreland were joint tort-feasors. The liability sought to be established against Moreland was not for any acts or omissions of his own, but for acts and/or omissions of Edins under the doctrine (rule or principle) of respondeat superior.

But since, as regarding the question of whether Moreland and Edins could be sued either jointly or severally, the liability of each is the same as if they were joint tort-feasors, parties bearing such relationship have sometimes been referred to as joint tort-feasors. Sproles v. Schepps, Tex.Civ.App., 26 S.W.2d 922; Carmichael v. Miller, Tex.Civ.App., 178 S.W. 976; Baylor University v. Bradshaw, Tex.Civ. App., 52 S.W.2d 1094; Texas & P. R. Co. v. Miller, 79 Tex. 78, 15 S.W. 264, 11 L. R.A. 395, 23 Am.St.Rep. 308; Lefkovitz v. Sherwood, Tex.Civ.App., 136 S.W. 850; Ruggles v. John Deere Plow Co., Tex.Civ. App., 146 S.W.2d 456; Wilkins v. Ferrell, 10 Tex.Civ.App. 231, 30 S.W. 450. With this explanation they will be so considered here.

The status of Moreland and Edins with reference to the conduct of the latter being the same as if they were joint tort-feasors, the applicable rule is stated thus: "It is elementary that two or more persons who jointly engage in the commission of a tort are jointly and severally liable. The injured person may sue all of them jointly, or as many of them as he sees fit, or each of them separately." 32 Tex.Jur. p. 47, sec. 28. It is a common expression that joint tort-feasors are "jointly and severally" liable for the tort. But it is not accurate to say they are jointly *and* severally liable; for all that is meant by such expression is that the liability of each may be established in one suit against all, or any number less than all, or by separate suits against each or anyone of them; and if one suit is brought against all, there could exist no reason for bringing separate suits against each; and if separate suits are brought against each there manifestly could be no reason for bringing another suit against all. It is, therefore, more accurate to say that joint tort-feasors are jointly *or* severally liable for the tort.

In Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, 75, the court approved the following defini-

tion: "A 'necessary party' to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party." According to that definition, if no plea of privilege had been filed and the plaintiff had dismissed Moreland from the suit, the court would have been without power to render a valid judgment for or against Edins. This would seem to be an infallible test of whether one is a necessary party, as distinguished from a proper party, to a suit. It was regarded as a test in Miller v. Sullivan, 89 Tex. 480, 35 S.W. 362, 363. In that case, the following question was certified: "Can this court legally dismiss Mrs. Beeson, and affirm the judgment against all other appellants, making the judgment valid and binding upon them?" The court answered that "The determination of the question certified depends, as we think, upon the further question whether or not Mrs. Beeson was a necessary party to the suit."

In Butman v. Jones, 24 S.W.2d 796, 798, based upon the many decisions cited, we reached the conclusion that: "It is the duty of the court to take notice of the absence of a necessary party at any stage of the proceedings." Such a conclusion, although supported by the decisions cited, needed no other support than the above definition, since certainly no court would be justified in rendering, or upon appeal, affirming a judgment where the record disclosed the absence of a party "so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party." In other words, no court can be under any duty to render an invalid decree.

In the Heid Bros. case, following the definition above given, the opinion says: "Admitting for the purpose of answering the question certified that the term 'necessary parties' in subdivision 29a, supra, is used in the ordinary sense as above defined, still we think that Heid Bros. is *both* a *necessary* and a *proper* party to this suit. In this connection it is noted that D. D. Marley and Heid Bros. are jointly *and* severally liable to the plaintiff bank. We *presume* that the bank is here asserting *all of its rights* by seeking *both* a joint *and* a *several* judgment. Such being the case, the *bank is entitled to the complete relief sought;* that is, it is entitled to a *joint* judgment against the two defendants, *as*

*well· as a several judgment against each of them.* Of course a joint judgment could not be rendered against both defendants unless they are both made parties defendant in the same action. It follows that Heid Bros. is *both* a *proper* and a *necessary* party to this suit." (Italics ours).

Under all authorities, Heid Bros. was a *proper* party to the suit. Under all well-considered opinions, particularly since Cobb v. Barber, 92 Tex. 309, 47 S.W. 963, the venue of such a suit was maintainable in any county in which one of the defendants resides. Stockyards Nat. Bank v. Maples, supra. One of the defendants—D. D. Marley—resided in Bexar County where the suit was brought. Therefore, exception 29a had no application. By its very terms, 29a can have no application except to a suit in which none of the defendants resides in the county. Pioneer Bldg. & Loan Ass'n v. Gray, supra. Hence, all that was said in the Heid Bros. case regarding exception 29a was unnecessary to a proper decision of the case as that court later determined in the Gray case.

What was said in the Heid Bros. case on the subject of exception 29a and the application there made of the definition of "necessary parties" should, it seems to me, be regarded as authority only to the extent that its reasoning is persuasive. "We presume", said the court, "that the bank is here asserting all of its rights by seeking both a joint and a several judgment." Why should the court say it "presumed" a fact necessarily shown by the record before the court, including plaintiff's petition, which, according to the Stockyards case, was "the best and all-sufficient evidence" of such fact? And surely, the words "by seeking both a joint and a several judgment" were not carefully chosen. By joining both defendants in one suit and alleging the liability of both and praying one judgment against both the record affirmatively disclosed (and thereby rendered resort to presumption unnecessary) that plaintiff was seeking a joint judgment; but certainly not in addition to that, a "several judgment." Only by separate suits against each defendant, or by dismissal of all defendants except one, would the record show, or could any presumption exist, that plaintiff was seeking a several judgment. Such was the stated basis upon which it was deduced that "the bank is entitled to the complete relief" sought; that is, it was entitled to a joint judgment against the two defendants "as well as a several judgment against each of them." The bank was entitled to a joint judgment, of course; but it is manifestly a contradiction of terms to add "as well as a several judgment against each." A "joint judgment"—that is, one judgment against both defendants—could be executed against both or either one of them. All the rights that the plaintiff could assert against either or both would be adjudicated in the one suit. Of course, the plaintiff bank had the right to bring and prosecute to final judgment such a suit. But, could it bring such a suit in any county of the State? It could bring it in any county in which one of the defendants resided. It is unnecessary to cite the numerous authorities supporting that proposition. That suit was brought in a county in which one of the defendants resided. The venue was, therefore, for that reason proper, assuming, of course, the required procedure was employed to sustain it. But what authority existed to support the proposition that plaintiff had the right to bring such a suit and prosecute it to judgment, as against a plea of privilege, in a county where no defendant resided? Such a case was not the case before the court. What was said, therefore, applied to a hypothetical case and was, therefore, not necessary to the decision of the case before the court.

Is not the answer obvious that the plaintiff had the right to bring and prosecute such a suit; but not in a county where no defendant resided, unless as to all defendants the venue was authorized by some exception (other than 29a), or, if not all, any other defendant be a necessary party to the suit against the other defendants? If, so then the plaintiff's right to bring and prosecute a suit of such nature could have no bearing upon the proper interpretation or application of exception 29a. To give it any effect would be equivalent to an assumption of the very matter in question. If a plaintiff, by the very nature of the suit he brings, thereby determines who are necessary parties to the suit, then it would seem there can be no doubt that any distinction between necessary parties and proper parties has been completely abolished. A plaintiff undoubtedly has the right to include in one suit as many different causes of action—some against a part of the defendants and others against other defendants; and no one cause of action against all the defendants—as is permitted

under the rule intended to avoid a multiplicity of suits. In such a suit all of the defendants are proper parties. The simple test would be whether, without regard to any question of venue or privilege, the plaintiff's petition would be subject to a plea of misjoinder. But if the existence of such right itself determines that each defendant is a necessary party, as the term is used in exception 29a, then, contrary to the definitions of necessary party in the Heid Bros. case and the subsequent case of First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756, 758, a necessary party is in reality simply a proper party. Is such the proper interpretation of the opinion in the Heid Bros. case? Listen to this interpretation by the Supreme Court in a subsequent case: "The test there applied [Heid Bros. case] was not whether the plaintiff could obtain *any relief* without the joinder of both defendants, but whether he could obtain *the complete relief sought* without their joinder." (Italics ours). Pioneer Bldg. & Loan Ass'n v. Gray, supra. Consider this statement in connection with the definition of necessary parties in the Pierce case. In the latter case "necessary parties" was defined as "only those persons without whose presence before the court no adjudication of *any of the subject matter* involved in the litigation can be had." (Italics ours). Isn't it plain that the above "test" ignored the definition and the definition, unless ignored, precluded such test being proper? It is interesting to note that in the Pierce case the definition and the application therein made of it were consistent, with the result that a party who under the "test" in the Heid Bros. case (but not the definition) would be a necessary party, was held to be not a necessary party, but a proper party.

In view of the foregoing, several questions suggest themselves. Has the almost maudlin solicitude heretofore expressed in dozens of opinions for the right of a defendant to be sued in the county of his domicile suffered such a reversal that now, impelled certainly from no necessity, it is held, in effect, that any defendant may be sued outside the county of his residence upon any cause of action, which if alone made the subject of the suit, the venue of the suit could not be sustained under any exception to the general rule; provided only, that such cause of action be joined with another cause of action asserted only against other defendants and which if it constituted the sole subject matter of the suit the venue of such suit would be proper under some exception to the general rule? Has the Supreme Court in any decision or any number of decisions finally and certainly decided, in effect, that the former distinction between proper and necessary parties, as, for example, was recognized in Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5, and Cobb v. Barber, supra, no longer exists as affecting the application of exception 29a; and that the test is whether a plaintiff's petition is subject to a plea of misjoinder of parties? If so, of course the only thing for this court to do would be to accept such determination of the question and observe it. It seems to me, however, that in the recent case of Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W.2d 626, the court refused to apply such a test with the effect practically of leaving us without any guiding rule.

Without prolonging the discussion, it is my view that the question of who is a necessary party under exception 29a has not been determined by the Supreme Court in such way as to be binding upon this court. I am, therefore, of the opinion that the judgment of the court in this case overruling the plea of privilege is not properly to be affirmed on the ground that Moreland was shown to be a necessary party to the suit.