## ZWERNEMANN v. SMITH.

No. 11356.

Court of Civil Appeals of Texas. San Antonio.

Oct. 20, 1943.

Rehearing Denied Nov. 10, 1943.

mann, and that he was acting within the course of such agency at the time of the collision. Brown Express Company v. Arnold, 138 Tex. 70, 157 S.W.2d 138.

Melvin Zwernemann testified at the hearing that he and his father lived in Carmine, Fayette County, Texas, that his father leased his truck to one Oscar F. Rose of La Grange, Texas, and that he with one Willie Kirchofer made a trip to San Antonio for Mr. Rose and got a load of beer, that on their way back from San Antonio they met a negro named Norman Greenwood riding George Smith's horse and the accident happened in Guadalupe County; that at the time he was driving the truck for Mr. Rose and not for his father. In contradiction of this testimony, George Smith was permitted, over appellant's objection, to testify that after the collision Melvin Zwernemann stated to him that he was driving the truck for his father. Such evidence was an attempt to prove agency and scope of employment by the hearsay declarations of the alleged agent and is not admissible for that purpose.

Appellee concedes this general rule but attempts to rely upon the exception to the general rule to the effect that where there is other evidence of agency aliunde the hearsay statements, then such declarations of the agent are admissible to corroborate such other evidence. The other evidence relied upon by appellee is a letter written by appellant, R. G. Zwernemann, to appellee in which he stated that he was the owner of the truck and that it was being operated by his son at the time of the collision. This evidence does not even tend to prove that the son was his father's agent on the occasion of the accident, or that he was acting in the course of any such agency at the time.

The competent evidence in the record shows conclusively that M. L. Zwernemann was not the agent of his father, R. G. Zwernemann, but the agent of one Oscar F. Rose, and accordingly R. G. Zwernemann was entitled to have his plea of privilege sustained.

The judgment of the trial court will be reversed and judgment here rendered directing the Clerk of the County Court of Guadalupe County to make up the record as is required by Rules Nos. 261 and 532, Texas R.C.P., and transfer this cause to the Justice of the Peace Court, Precinct No. 3, Fayette County, Texas.

Reversed and rendered.

Moss & Moss, of La Grange, for appellant.

P. E. Campbell, of Seguin, for appellee.

MURRAY, Justice.

This suit was instituted by George Smith, in the Justice of the Peace Court of Guadalupe County, against R. G. Zwernemann, for the recovery of alleged damages in the sum of $150, for negligently killing plaintiff's horse on a public highway in Guadalupe County by striking the horse with a truck driven by one M. L. Zwernemann.

R. G. Zwernemann filed a plea of privilege to be sued in Precinct No. 3, Fayette County, the precinct and county of his residence. The plea was controverted, a hearing had, and judgment entered overruling such plea of privilege. An appeal was taken to the County Court, where judgment was again rendered overruling Zwernemann's plea of privilege, and he has prosecuted this appeal from that judgment of the County Court.

It is clear that at the time of the accident M. L. Zwernemann was the driver of the truck which belonged to his father, R. G. Zwernemann. It therefore became necessary for George Smith to prove by a preponderance of the evidence that at the time of the collision M. L. Zwernemann was the agent of his father, R. G. Zwerne-