**COLORADO COUNTY et al. v. J. M. ENGLISH TRUCK LINE, Inc.**

No. 11888.

Court of Civil Appeals of Texas. Galveston.

June 12, 1947.

358

Otto P. Moore, County Atty., and Massey & Hodges, all of Columbus, for appellants.

Dyess & Dyess and A. D. Dyess, Jr., all of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of the district court of Colorado County sustaining a plea of privilege.

Appellant, Colorado County, brought the action under the provisions of Article 6716, Revised Civil Statutes, for recovery of damages for the alleged destruction of what was known as Nelson Bridge by a heavily loaded truck alleged to have been owned and operated by appellee, J. M. English Truck Line, Inc.

Appellee filed its plea of privilege to be sued in Harris County, the county of its residence.

Colorado County filed its controverting affidavit in which it embodied its original petition and claimed venue of the suit in Colorado County under Subdivisions 9 and 23, of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subds. 9, 23.

Upon a hearing on the allegations of the plea of privilege and controverting affidavit the trial court entered an order sustaining appellee's plea of privilege, and finding in the order entered "all issues of fact as well as law in favor of defendant."

Appellants alleged that on March 10, 1946, an employee of appellee, while acting within the scope of appellee's business, had attempted to cross Nelson Bridge in Colorado County with a heavily loaded truck, causing a complete destruction of the bridge. It alleged that the Commissioners' Court of Colorado County had posted a sign at a prominent place on the road leading to said bridge warning drivers of vehicles of the bridge's weakened condition and limiting the loads crossing it to 7,000 pounds.

Under its first point of appeal appellants allege that appellee Corporation, through its president, had admitted appellee's liability for the destruction of the bridge. They contend that this admission necessarily established the fact that the Corporation had committed the acts which caused its destruction.

The record shows that appellee, J. M. English Truck Line, Inc., was incorporated under the laws of the State of Texas on October 22, 1945. Appellant alleged that the damage to the bridge complained of occurred on March 10, 1946. This was subsequent to the date of appellee's incorporation, and while appellants contend that the Corporation, through its president, J. M. English, admitted the Corporation's liability for the destruction of the bridge there is no evidence in the record that at the time of the alleged damage to the bridge J. M. English held any position of authority with the Corporation authorizing him to admit such liability, or that he was present when the bridge was damaged, nor is there evidence in the record that the truck in question was operated by an employee of appellee Corporation, or that the driver was acting within the scope of the Corporation's business.

Bruce Kindred, an employee of J. M. English, testified that, at the time said bridge was damaged Mr. English sent him to help the driver get the truck off the bridge. He testified that his sign was on

the bull dozer which was loaded on the truck and that it was "painted in his colors".

Mr. A. J. Achenbeck, a county commissioner of Colorado County, testified that J. M. English told him in a telephone conversation that the truck belonged to his corporation and that Mr. English told him to send him an estimate of what the repairs to the bridge would cost.

Under the well established rule in this State that, on appeal from an order sustaining a plea of privilege, every reasonable intendment must be resolved in favor of appellee's contention (Sharp v. Mead, et al., Tex.Civ.App., 127 S.W.2d 510; Fuston v. Fort Worth & D. S. P. Ry. Co., et al., Tex.Civ.App., 68 S.W.2d 518; Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686; Pearson v. Guardian Trust Co., Tex.Civ.App., 84 S.W.2d 256), the order of the trial court overruling appellants' plea, read in the light of the testimony, must be construed as an additional affirmative finding by the trial court that appellant had failed to establish the facts necessary to fix the venue of the suit in Colorado County.

Subdivision 9 of said Article 1995, Revised Civil Statutes, reads: "Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where defendant has his domicile."

The parts of Subdivision 23 of said Article 1995 material to this appeal, reads: "Corporations and Associations:— Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. * * *"

In construing said Article 1995 the courts of this state have uniformly held that the exceptions thereto must be strictly construed and clearly established before a citizen can be deprived of his right to be sued in the county of his domicile. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021.

In this suit appellants rely for their venue facts on a statement claimed to have been made by J. M. English that appellee's truck was responsible for the alleged damage, and on the presumption of the ownership of the truck from the testimony of Bruce Kindred that "it had his sign on the bull dozer" and that it was painted in his colors.

In the case of Cannel Coal Co. v. Luna, Tex.Civ.App., 144 S.W. 721, it was held that, in order to bind a corporation by the declarations or admissions of an agent it must not only appear that the agent was acting within the scope of his authority but that said statements or admissions were made in the prosecution of or in connection with the performance of the agent's duties. In its opinion the Court, quoting with approval from the opinions of the Supreme Court of this state in the cases of Cohen v. Munson, 59 Tex. 236; Lindheim v. Muschamp, 72 Tex. 33, 12 S.W. 125, and Hilliard v. Wilson, 76 Tex. 180, 13 S.W. 25, held that "to entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within one of the exceptions of the statute." [144 S.W. 723.]

In the case of Longhorn Drilling Corporation v. Padilla, Tex.Civ.App., 138 S.W.2d 164, under a parallel state of facts, the court in its opinion held that where plaintiff fails to show (1) that the vehicle involved is owned by the defendant corporation, (2) that it was being operated by an agent of the corporation at the time of the alleged negligent act or omission, and (3) that such agent was acting within the course of his employment, such plaintiff has not established a prima facie case.

After quoting with approval from the case of Weber v. Reagan, Tex.Civ.App., 91 S.W. 2d 409, the court said [138 S.W.2d 166]:

"In order for plaintiff to bring her case within exceptions 9 and 23 of Art. 1995, it was incumbent upon plaintiff to discharge the burden of proof resting upon

her to establish not only that a trespass was committed in Nueces County (subd. 9) and not only that a part of her cause of action against the defendant corporation arose in Nueces County (subd. 23), but she was further required to establish, under the circumstances of this case, that the truck which struck her child was owned by defendant, that its driver was an agent of defendant, and that such driver was acting within the scope of his employment at the time. * * *

"However, whether the matter of ownership be treated as resting upon a presumption or as otherwise established, the court was not authorized to presume that the driver of the truck on the occasion in question was the agent of the defendant and then to further presume that such agent was at the time acting within the scope of his employment. A presumption of fact cannot rest upon a fact presumed. But the fact relied upon to support a presumption must be proved."

The cases of Brown Express Co. v. Arnold, 135 Tex. 58, 120 S.W.2d 619, and John F. Camp Drilling Co. v. Steel, Tex. Civ.App., 109 S.W.2d 1038, are in accord with the holding of the court in the Longhorn Drilling Company.

It follows from above conclusions that in our opinion appellants have failed to prove the necessary facts to establish their right to maintain venue of this suit in Colorado County. The judgment of the trial court is in all things affirmed.

Affirmed.