MARTIN v. IROQUOIS MFG. CO.
(No. 8019.)

(Court of Civil Appeals of Texas. Dallas. Nov. 16, 1918. Rehearing Denied Jan. 11, 1919.)

1. SALES &=43(4) — MISREPRESENTATIONS BY SELLER—RELIANCE BY BUYER—DAMAGES.

Whether the representations of plaintiff's agent in the sale of paint as to its qualities, etc., inducing the sale, were believed by the agent to be true or false, the buyer, if in fact they were false and were relied upon by him, was entitled to relief if damaged thereby.

2. EVIDENCE &=434(8) — PAROL EVIDENCE — FRAUD.

Where fraud exists, a written contract can be proved by parol, though it adds to such writing.

3. SALES &=43(2) — MISREPRESENTATIONS — AVOIDANCE OF CONTRACT.

Whether misrepresentation is intentionally or innocently made, it is the same so far as the effect is concerned, and equally avoids the contract.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by the Iroquois Manufacturing Company against H. G. Martin. From a judgment of the county court, on appeal from a judgment for plaintiff in justice's court, in favor of the plaintiff, defendant appeals. Reversed and remanded.

W. N. Coombs, of Dallas, for appellant.
Wm. H. Atwell, of Dallas, for appellee.

RAINEY, C. J. The appellee sued appellant in the justice's court to recover on a verified account for $155.86, being for four barrels of Adamite Black. Appellant answered by verified plea:

"That at the time of the alleged sale by plaintiff to defendant of the Adamite Black as set out 'in plaintiff's petition, plaintiff by and through its agent represented to defendant that said Adamite Black was a first-class roof paint, and would withstand the conditions of this climate, and that a roof painted therewith would not leak; that the amount ordered by defendant would cover the defendant's building; that defendant, relying upon said representations, ordered said material through the said agent of plaintiff, and that defendant would not have ordered same but for said representations and

his reliance thereon; that on receipt of said paint defendant had same placed on the roof of his said building in good and workmanlike manner, and that said amount so ordered only covered one-half of said building; that said Adamite Black was fairly tried and used, but that same did not turn the water in rainstorms, but, on the contrary, presented no obstacle thereto, and was and is utterly worthless and of no value to defendant."

Appellee by supplemental petition replied that its agent had no authority to make any representations or guaranties in making the sale, other than that contained in the written order given by the appellant, which order, among other things, stipulated no conditions of sale other than those specified therein, and that, if the same had been properly applied, there would not have been any shortage.

Appellee recovered judgment in the justice court for $75. The case was appealed by appellant to the county court, where judgment was again rendered for appellee for $136, and appellant appeals to this court.

[1-3] The first error assigned is:

"That the court erred in refusing to permit the defendant to introduce evidence before the jury to establish the facts pleaded by the defendant in bar of plaintiff's right to recover against defendant, wherein defendant alleged that plaintiff through its agent at the time of the sale to defendant of the Adamite Black represented to defendant that the amount sold to defendant would cover defendant's building, and that the amount so sold to defendant only covered one-half the building, and that but for said representations defendant would not have purchased same, and, relying thereon, did make said purchase."

The court excluded the testimony as stated in this assignment of error, and appellant duly excepted by bill, showing that such representations were made by the agent when the order for the material was given, etc.; that the order would not have been given by him had he not believed the quantity was sufficient to cover the roof, and that he was induced by said representations to make the order; and that he relied on said representations and made the order. Appellant pleaded the making of said representations when the sale was made by appellee's agent, and his acting thereon, and the evidence, if introduced and believed by the jury, was sufficient to defeat appellee's cause of action, at least in part, on appellant's plea of failure of consideration. If the representations were made by the agent as stated, it constituted a fraud, and the testimony was admissible for consideration by the jury. Whether or not the agent's representations were true or false, or whether or not the agent believed them to be so, if in fact they were false, and if the appellant believed said representations and relied thereon in making the or-

der, he is entitled to relief, if damaged thereby. The plea of appellant alleged facts which constituted at least a legal fraud, and, where fraud exists in a written contract, it can be proved by parol, though it adds to such writing. Jones, Law of Ev. (2d Ed.) § 435. "Texas pursues the equitable rule that, whether misrepresentation is intentionally or innocently made, as far as the effect is concerned, it is the same, and equally avoids the contract. There is no exact or recognized line of demarcation between moral or legal fraud, as it can make no difference, so far as the injury is concerned, whether the complaining party suffers from intentional or innocent misrepresentations which induced him to enter into the contract." Simkins, Contracts and Sales, p. 266.

It seems that appellee was the manufacturer of the Adamite Black, and that appellant was not familiar with it as a roofing.

The court below erred in excluding said testimony, and for that reason the judgment is reversed, and the cause remanded.