Jerry WATKINS, Appellant,

v.

Ruby McCLUSKEY, Appellee.

No. 3195.

Court of Civil Appeals of Texas.

Eastland.

Nov. 18, 1955.

Brooks, Fergus, Brooks & Robinson, Abilene, for appellant.

Guilford L. Jones, Big Spring, for appellee.

GRISSOM, Chief Justice.

Ruby McCluskey sued Jerry Watkins in Howard County on a note executed by Watkins. Watkins resided in Taylor County and filed a plea of privilege to be sued there. Watkins' plea was overruled and he has appealed.

The note sued on is as follows:

| "No. – Bigspring, Texas, November 26, 1951 | Due December 1, 1954 |
|---|---|

"I, we, or either of us, for value received, promise to pay to the order of Charlie Tune Bigspring, Texas (Dealer's Name and Address Here) at the sum of Five Hundred and 00/100 Dollars ($500.00) payable in I installments of Five Hundred and 00/100n Dollars ($500.00), the first installment payable on the I day of December 1954, and the remaining installments payable, one each on the same day of each succeeding month thereafter, until this note is fully paid.

"All past due interest and principal shall bear interest after maturity at the rate of 6 per cent per annum. It is understood and agreed that, upon default in the payment of any installment of principal or interest, or any part thereof, when due, the holder hereof, at its or his election, may declare the unpaid balance of the principal and all accrued interest at once due and payable.

"If this note is placed in the hands of an attorney for collection, or if it is collected through judicial proceedings, then I, we, or either of us, agree to pay an additional ten per cent of the principal and interest then due as attorneys' fees. All signers and endorsers of this note shall be regarded as principals; so far as their liability to payee is concerned, and the makers, sureties, guarantors and endorsers of this note, and all other parties hereto, severally waive demand, presentment for payment, notice of dishonor, protest and notice of protest, diligent in collecting, or in bringing suit against any party hereto. In case of renewal or extension of maturity of this note, any and all securities, or liens, given to payee by us or any of us, at any time, shall remain in full force and effect as security for payment of the renewed or extended note.

"/s/ Jerry Watkins P. O.

"/s/ Martha Watkins P. O. Monahans, Texas

Renew, from note Sept. 1, 1945
Interest dew on past D note $180.00

| | | |
|---|---|---|
| $500.00 | | |
| Past Dew Interest $180.00 | | |
| PAYMENTS | | |
| Date | Credit | Balance |
| 11/26/51 | | 680.00 |

"Sept. 28, 1953
Without Recourse
For value received, pay to the order of Ruby McCluskey

D   Charlie Tune

(Dealer Sign Here)

By Charlie Tune

(Owner, Officer or Firm Member)

* * * * *

With Recourse
For value received, pay to the order of
Ruby McCluskey

"The undersigned endorsers, jointly and severally, authorize the maker hereof without notice to us, to obtain an extension or extensions in time for the payment of this note or any part thereof which shall be binding on us, and we do hereby waive presentment for payment, demand, protest and notice of protest and nonpayment; and we, severally, agree that in case of non-payment of principal or interest when due, to pay the same at ———, Texas, together with costs of collection and attorney's fees if permitted by law, and suit may be brought by the holder of this note against any one or all of us, at the option of said holder, whether suit has been commenced against the maker or not, and that in any such suit, the maker may be joined with one or more or all of us, at the option of the holder.

"D   Charlie Tune

(Dealer Sign Here)

By Charlie Tune

(Owner, Officer or Firm Member)
Pay this note to Ruby McCluskey, with interest from September 1, 1945."

| (Continued) | |
|---|---|
| $ | 680.00 |
| PAYMENTS | |

█ Plaintiff claimed the right to maintain suit in Howard County under the 5th exception to the general rule, stated in Art. 1995, Vernon's Ann.Civ.St. art. 1995, that suit must be brought in the county where the defendants reside. Exception 5 provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him in said county. Exceptions to Article 1995 are strictly construed. They must be clearly established before a citizen can be deprived of the right to be sued in the county of his domicile. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Colorado County v. J. M. English Truck Line, Inc., Tex.Civ.App., 203 S.W.2d 357.

█ An examination of the note reveals that Watkins did not therein agree to pay the note at Big Spring. It merely shows that he promised to pay the note to the order of Charlie Tune of Big Spring. Immediately under Tune's written name and address the printed portion of the note directs that the "Dealer's Name and Address" be stated. The payee's name and address were written

exactly as directed by said printed portion of the note. It purports to show only the name and address of the payee. The note does not contain an agreement by the maker to pay it at Big Spring. The printed word "at" follows the name and address of the payee, "at" is followed by a blank which was not filled and no place at which payment was to be made is stated. The printer of the note evidently intended that if the parties desired to provide for payment at a certain place that such place should be written into the note after the printed word "at". This was not done. Exception 5 is not applicable and the plea of privilege should have been sustained. Nichols v. Benjamin Franklin Bond & Indemnity Corporation, Tex.Civ.App., 81 S.W.2d 279.

The judgment is reversed with instructions to transfer the case to Taylor County.

Reversed with instructions.