284 S.W.2d 381 (1955)
Jerry WATKINS, Appellant,
v.
Ruby McCLUSKEY, Appellee.
No. 3195.
Court of Civil Appeals of Texas, Eastland.
November 18, 1955.
*382 Brooks, Fergus, Brooks & Robinson, Abilene, for appellant.
Guilford L. Jones, Big Spring, for appellee.
GRISSOM, Chief Justice.
Ruby McCluskey sued Jerry Watkins in Howard County on a note executed by Watkins. Watkins resided in Taylor County and filed a plea of privilege to be sued there. Watkins' plea was overruled and he has appealed.
The note sued on is as follows:
 "No.  Bigspring, Texas, November 26, 1951 Due December 1, 1954
 "I, we, or either of us, for value received, promise to $500.00 
 pay to the order of Charlie Tune Bigspring, Texas Past Dew Interest
 (Dealer's Name and Address Here) $180.00 
 at the sum of Five Hundred and 00/100 Dollars PAYMENTS 
 ($500.00) payable in I installments of Five Hundred Date Credit Balance
 and 00/100n Dollars ($500.00), the first installment payable 11/26/51 680.00 
Renew, from note Sept. 1, 1945 on the I day of December 1954, and the remaining installments
Interest dew on past D note $180.00 payable, one each on the same day of each succeeding
 month thereafter, until this note is fully paid. ____________________
 "All past due interest and principal shall bear interest
 after maturity at the rate of 6 per cent per annum. It is ____________________
 understood and agreed that, upon default in the payment
 of any installment of principal or interest, or any part ____________________
 thereof, when due, the holder hereof, at its or his election,
 may declare the unpaid balance of the principal and all ____________________
 accrued interest at once due and payable.
 "If this note is placed in the hands of an attorney for ____________________
 collection, or if it is collected through judicial proceedings,
 then I, we, or either of us, agree to pay an additional ____________________
 ten per cent of the principal and interest then due as attorneys'
 fees. All signers and endorsers of this note shall
 be regarded as principals, so far as their liability to payee ____________________
 is concerned, and the makers, sureties, guarantors and endorsers
 of this note, and all other parties hereto, severally ____________________
 waive demand, presentment for payment, notice of dishonor,
 protest and notice of protest, diligent in collecting, ____________________
 or in bringing suit against any party hereto. In case of
 renewal or extension of maturity of this note, any and all ____________________
 securities, or liens, given to payee by us or any of us, at
 any time, shall remain in full force and effect as security
 for payment of the renewed or extended note. ____________________
 "/s/ Jerry Watkins P. O. _____________________ ____________________
 "/s/ Martha Watkins P. O. Monahans, Texas
*383
 "Sept. 28, 1953
 Without Recourse (Continued) 
 For value received, pay to the order of Ruby McCluskey
 $ 680.00 
 D Charlie Tune PAYMENTS 
 (Dealer Sign Here)
 By Charlie Tune 
 (Owner, Officer or Firm Member) ____________________
 * * * * *
 With Recourse ____________________
 For value received, pay to the order of
 Ruby McCluskey ____________________
 "The undersigned endorsers, jointly and severally,
 authorize the maker hereof without notice to us, to ____________________
 obtain an extension or extensions in time for the payment
 of this note or any part thereof which shall be
 binding on us, and we do hereby waive presentment
 for payment, demand, protest and notice of protest
 and nonpayment; and we, severally, agree that in
 case of non-payment of principal or interest when
 due, to pay the same at _____, Texas, together with
 costs of collection and attorney's fees if permitted by
 law, and suit may be brought by the holder of this
 note against any one or all of us, at the option of said
 holder, whether suit has been commenced against the
 maker or not, and that in any such suit, the maker
 may be joined with one or more or all of us, at the option
 of the holder.
 "D Charlie Tune 
 (Dealer Sign Here)
 By Charlie Tune 
 (Owner, Officer or Firm Member)
 Pay this note to Ruby McCluskey, with interest from
 September 1, 1945."
Plaintiff claimed the right to maintain suit in Howard County under the 5th exception to the general rule, stated in Art. 1995, Vernon's Ann.Civ.St. art. 1995, that suit must be brought in the county where the defendants reside. Exception 5 provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him in said county. Exceptions to Article 1995 are strictly construed. They must be clearly established before a citizen can be deprived of the right to be sued in the county of his domicile. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Colorado County v. J. M. English Truck Line, Inc., Tex.Civ.App., 203 S.W.2d 357.
An examination of the note reveals that Watkins did not therein agree to pay the note at Big Spring. It merely shows that he promised to pay the note to the order of Charlie Tune of Big Spring. Immediately under Tune's written name and address the printed portion of the note directs that the "Dealer's Name and Address" be stated. The payee's name and address were written *384 exactly as directed by said printed portion of the note. It purports to show only the name and address of the payee. The note does not contain an agreement by the maker to pay it at Big Spring. The printed word "at" follows the name and address of the payee, "at" is followed by a blank which was not filled and no place at which payment was to be made is stated. The printer of the note evidently intended that if the parties desired to provide for payment at a certain place that such place should be written into the note after the printed word "at". This was not done. Exception 5 is not applicable and the plea of privilege should have been sustained. Nichols v. Benjamin Franklin Bond & Indemnity Corporation, Tex.Civ.App., 81 S.W.2d 279.
The judgment is reversed with instructions to transfer the case to Taylor County.
Reversed with instructions.