**L. F. SANDERS et al., Appellants,**

v.

**SELECT INSURANCE COMPANY, Appellee.**

No. 16757.

Court of Civil Appeals of Texas.

Dallas.

June 24, 1966.

Rehearing Denied Oct. 7, 1966.

Wynne & Wynne, and Gordon R. Wynne, Wills Point, for appellants.

Thompson, Coe, Cousins & Irons and Larry L. Gollaher, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is a venue action involving third-party defendants. The original action was filed in the District Court of Harris County, Texas by United States Homes Division of United States Finance Company, Inc. against Select Insurance Company. Plaintiff alleged that William L. Fisher had delivered to it a mortgage covering Fisher's property in Van Zandt County to secure the payment of a promissory note; that Select Insurance Company had issued its insurance policy on Fisher's property with knowledge of the mortgage and was therefore legally obligated to treat such fire insurance policy as though it had a loss payable clause in favor of plaintiff as mortgagee; that said property had been destroyed by fire and thereafter Select Insurance Company had wrongfully paid the total proceeds of its policy to William L. Fisher and to L. F. Sanders, his attorney, all to plaintiff's loss and damage in the

sum of $8,563.32. Select Insurance Company filed its plea of privilege to be sued in Dallas County and such plea was sustained and the cause removed.

Thereafter, pursuant to Rule 38, Vernon's Texas Rules of Civil Procedure, Select Insurance Company brought William L. Fisher and L. F. Sanders into the case by third-party action seeking indemnity and judgment over against them for any liability which the court might find in favor of the original plaintiff. In this third-party action it was alleged that Sanders, acting as agent and attorney for Fisher, made certain fraudulent and negligent representations to Select Insurance Company in Dallas, Texas concerning the insurance proceeds and that, based upon this representation, Select Insurance Company paid the entire insurance proceeds to Fisher and Sanders. Both Fisher and Sanders filed their pleas of privilege to be sued in their respective counties of residence. Each of such pleas was controverted by Select Insurance Company based upon Subdivisions 7 and 9a, Art. 1995, Vernon's Ann.Tex.St. Following a nonjury trial the pleas of privilege of third-party defendants were overruled and this appeal follows.

Appellants' basic contention for seeking reversal of the trial court's judgment, as reflected by their points two and three, is that since appellee wholly failed to prove any damages resulting from the alleged fraudulent or negligent representations on the part of appellant Sanders, the exceptions to the venue statute were not applicable and the pleas of privilege should have been sustained. We are in agreement with appellants' contentions and reverse the judgment below.

■■ The right of Sanders and Fisher to be sued in the county of their domicile is a right that has been repeatedly said by our courts to be a very valuable right which can only be taken away by strict compliance with one of the named exceptions contained in the venue statute. Such exception must be rigidly construed and the facts thereof established by a preponderance of the evidence before one can be deprived of his right to be sued in his home county. Clyde Yarbrough, Inc. v. Browning-Ferris Machinery Co., Tex.Civ.App., 284 S.W.2d 225; Watkins v. McCluskey, Tex.Civ.App., 284 S.W.2d 381; Atlas Assurance Co. v. Houston Fire & Casualty Ins. Co., Tex.Civ. App., 324 S.W.2d 943; and Brown v. Clary, Tex.Civ.App., 315 S.W.2d 385.

■ Rule 38, T.R.C.P., providing for third-party practice, and being the rule utilized by appellee to bring in appellants Fisher and Sanders, does not in any manner detract from nor weaken the effect of the venue rule announced above. In fact, Subdivision (d) of Rule 38, T.R.C.P., provides that: "This rule shall not be applied so as to violate any venue statute, as venue would exist absent this rule."

■ In order to maintain venue in Dallas County pursuant to Subdivision 7 of Art. 1995, V.A.C.S., it was necessary for appellee to prove by a preponderance of the evidence all of the necessary elements of fraud which are:

(1) A false representation made by Sanders;

(2) The reliance thereon by appellee;

(3) Action in reliance thereon by appellee; and

(4) Damage to appellee resulting from such fraud or misrepresentation.

Trinity Universal Ins. Co. v. Soliz, Tex. Civ.App., 241 S.W.2d 625; Texas Employers' Ins. Ass'n v. McDaniel, Tex.Civ.App., 286 S.W.2d 465; Clark on "Venue in Civil Actions in Texas," Chapter 7, pp. 54–55; and North America Life Ins. Co. v. Wilburn, Tex.Civ.App., 392 S.W.2d 364.

In North America Life Ins. Co. v. Wilburn, supra, we had occasion to discuss and pass upon the question of proof essential to sustain the element of damages required to be shown as a prerequisite for maintain-

ing venue in Dallas County. There, we said:

"However, it is not necessary in this venue hearing that appellees should establish the exact amount of their damages suffered because of the fraud. True, they did have to establish some damage as part of their cause of action but the exact amount need not be proved. In Cockburn v. Less, Tex.Civ.App., 257 S.W.2d 470, this court, speaking through Mr. Justice Cramer, said: 'Appellant also asserts that the extent of the damage must be proved. We cannot agree with this contention. The court had jurisdiction over the amount involved in the pleadings. No plea in abatement asserting the amount alleged had been fraudulently alleged to confer jurisdiction on the trial court was filed. The venue fact was whether actual damage had been suffered, not the exact amount thereof.' See also Campbell v. McCown, [Tex.] Civ.App., 176 S.W.2d 226; Maulding v. Niemeyer, [Tex.] Civ.App., 241 S.W.2d 733; First Nat'l Bank of San Angelo, Texas v. Hill & Combs, [Tex.] Civ.App., 177 S.W.2d 75; 60 Tex.Jur.2d § 218, p. 105."

Appellees admit the rule stated by us in *Wilburn*, supra, but say in their brief:

"Justice Williams stated in that case that it is only necessary to establish some damage. We suggest that this has been done, and that for venue purposes a third-party plaintiff's proof of such potential damages is sufficient. Any other rule would make a mockery of the third-party rule, and would promote a multiplicity of suits."

By this argument appellee concedes, and the record reveals, that no evidence of actual damage exists. However, it says that potential damage, or damage which might possibly be awarded in the future, is sufficient.

During oral argument before this court counsel for appellee frankly admitted that he had been unable to find any Texas authority holding that proof of potential damage, as opposed to proof of actual damage, was sufficient to meet the requirements of the exception to the venue statute. We are likewise unable to find any such authority and do not feel that the rule should be extended, as proposed by appellee.

Nor do we think that the arguments concerning multiplicity of actions is sufficient to overcome the general rule of venue. Emphasis should be placed upon the fact that appellants are not necessary parties to the original suit. They are brought in as third-party defendants for one purpose only and that is to allow appellee to recover indemnity in the event a final judgment is cast against appellee in the main suit.

Our Supreme Court in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, considered the question of venue in an action wherein a cross-action was filed for contribution in the event judgment should be rendered against the defendant in the main suit. Chief Justice Alexander, speaking for the Supreme Court, said:

"Under the above holding, Amberson's cross-action against the third party is distinct and severable from the controversy involved in plaintiffs' suit against the main defendant. Consequently, the cross-action must be treated as an independent suit, and the venue thereof must be tested on the merits of the cross-action, and independent of the venue of plaintiffs' suit." (Citing cases.)

\*   \*   \*   \*   \*   \*

"It may be conceded that it would be more convenient to try the controversy among all the parties in a single suit. Certainly it would avoid a multiplicity of suits. But in view of the positive provisions of Article 1995 to the effect that no person shall be sued out of the county of his domicile, except in the instances therein named, we would not be justified in engrafting an additional exception to

the statute merely to avoid a multiplicity of suits."

A similar situation was presented to the Eastland Court of Tex. Civil Appeals in United States Steel Corp. v. Strong Drilling Co., 272 S.W.2d 791, which involved the right of one who had been brought into a case by cross-action to file a plea of privilege to be sued in the county of his own residence. The court, following the Supreme Court's opinion in Union Bus Lines v. Byrd, supra, said:

"The steel corporation is not a necessary party to the suit brought by Strong against Dunigan. Strong's suit against the steel corporation is an independent cause of action asserted in the alternative against Dunigan. It is distinct and severable from Dunigan's suit against Strong and Strong's cross action against Dunigan. Venue of Strong's suit against the steel corporation must be tested on the merits of that suit without regard to the venue of Dunigan's suit against Strong. The fact that it would be more convenient to try all these cases in one suit and that such would prevent a multiplicity of suits does not control the fact that if Strong is to maintain its suit against the steel corporation in Stephens County it must establish a right to do so under some exception to Article 1995."

Based upon these authorities it is evident that the cause of action asserted against appellants is distinct and severable from that evidenced by the main suit now pending in Dallas County. The right guaranteed by the venue statute is of paramount importance and controls over such argument relating to multiple causes.

Of course, the same argument relating to the establishment of some element of damages is equally applicable to the provisions of Subdivision 9a, Art. 1995, V.A. C.S. as to Subdivision 7 thereof. It is therefore apparent that appellee has wholly failed to establish one of the essential and necessary elements to bring into existence the exceptions to the venue statute. Accordingly, appellants' points two and three are sustained.

Appellants' first point relates to the merits of the case and need not be considered.

For the reasons assigned the judgment of the trial court is here reversed and rendered transferring the cause of action as to appellant Sanders to the District Court of Van Zandt County, Texas and as to appellant Fisher to the District Court of Anderson County, Texas.

Reversed and rendered.