**HOUSTON NATURAL GAS CORPORATION, Appellant,**

v.

**Victor J. JANAK et al., Appellees.**

**No. 4614.**

Court of Civil Appeals of Texas.

Waco.

May 18, 1967.

Rehearing Denied June 22, 1967.

Fulbright, Crooker, Freeman, Bates & Jaworski, St. John Garwood, Jr., Houston, for appellant.

Baggett, Kirk, Van Keuren & Baggett, Russell T. Van Keuren, J. P. Madole, Jr., Vernon E. Fewell, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Houston Natural Gas Corporation from a $7500 judgment for plaintiff Janak, in a false representation case.

Plaintiff Janak sued Defendant Gas Company, Wayne Lippert, Active Air Conditioning, and others, for falsely representing that the air conditioning contracted for by Janak for a 50 unit apartment house he was building, would be sufficient to adequately cool the apartments. Plaintiff alleged defendant Gas Company, through its employee Lippert, represented the gas air conditioning contracted for would be sufficient; that it was in fact insufficient; that defendant's representations were false; were relied on by plaintiffs; that such representations were material; and that plaintiff was damaged $35,000.

Defendant answered by general denial.

Trial was to a jury which, in answer to issues submitted, found:

1) Just before plaintiff signed the contract on October 5, 1961, Wayne Lippert was acting as agent of defendant Gas Corporation.

2) Prior to execution of the contract Lippert represented to plaintiff, as a then existing fact, that the air conditioning system to be installed was of such a nature and character that it would be adequate for the premises.

3) Such representations were false.

4) Such false representations were a material inducement to plaintiff Janak in entering into such air conditioning contract.

5) Such representations were made to induce plaintiff Janak to execute such contract.

6) Plaintiff Janak relied on the truth of such representations in executing the contract.

7) Such representations were not understood by plaintiff Janak to be an expression of opinion on the part of Lippert.

8) Stinnett was acting as agent of Active Heating-Air Conditioning Co. at the time of signing the contract.

9) The value of labor and materials in the air handlers and duct work in the apartment after completion was $3,000.

10) The air handlers and duct work was not installed in a workmanlike manner.

11a) The reasonable cash market value of the labor and materials in the air handlers and duct work as performed is $3,000.

12) The reasonable cash market value of the Ready Power unit on 28 April, 1964 was $1200.

13) The reasonable cash market value of the equipment room controls on 28 April, 1964 was $200.

14) To maintain the air conditioning in working order, plaintiff had to spend money over ordinary operating expense from installation to 28 April, 1964.

15) Such expenses were $900.

The trial court disregarded the answer to Issue 11a; further found that plaintiff paid $6835.00 for the unit (Issue 12); and $1165 for the controls (Issue 13); and rendered judgment for plaintiff Janak against defendant Gas Corporation for $7500. Cost of unit *$6835*, plus cost of controls *$1165=$8,000*; less value of unit *$1200*, less value of controls *$200*; plus cost of extraordinary maintenance $900, equals $7500).

Defendant appeals on 7 points, contending:

1) The trial court erred in entering judgment here on Issue 2, because plaintiff admitted that Lippert only stated, and truthfully, that 50 tons of air conditioning would cool plaintiff's apartment.

2) The trial court erred in entering judgment on Issue 2 because the "system" consisted of a written contract by which Active Heating and Air Conditioning Company agreed to design and install duct work for plaintiff's apartment.

3) There is no evidence to sustain the finding in answer to Issue 1, that just before plaintiff signed the contract, Lippert was acting as agent for defendant Gas Company.

4) The trial court erred in rendering judgment based on Issues 12–15, because there is no evidence of the value of the power unit or controls when installed; and the $9000 item for extraordinary maintenance is not a proper element of damage.

Plaintiff, by cross-points, complains the trial court erred:

1) In not awarding plaintiff an additional $10,860; and

2) In discharging defendant Lippert on motion for instructed verdict.

Defendants' contentions 1 and 2 complain of the judgment based on the jury's answer to Issue 2.

Issue 2 inquired if, prior to execution of the contract, Lippert represented to plaintiff as a then existing fact that the air conditioning system to be installed was of such a nature that it would be adequate for the premises.

Plaintiff was building an apartment house. He put out bids for electrical air conditioning and had not even considered a gas unit. Defendant Gas Company sent its salesman Pitts and its engineer Lippert to see plaintiff to persuade plaintiff to use gas air conditioning. Lippert picked up plaintiff's plans; shopped for the unit; picked out the contractor, represented to plaintiff that the system would be well sufficient for the whole apartment; furnished the contract form; and watched over the in-

stallation. The record reflects Lippert told plaintiff he had studied the system and that he, Lippert, and the Gas Company engineered the system; and Lippert told plaintiff at the October 5th or 6th meeting "it was engineered and calculated low and everything and the air handlers and everything would be sufficient."

■ Actionable fraud may result from a positive representation that a plant or machine will do a certain amount of work or furnish a specified amount of heat, light, or power, when made by one who is in a superior position to know the truth, injury having resulted because of reliance on the representation; and material misrepresentations as to the quality of a thing which is the subject matter of the transaction are actionable when such misrepresentations induce the other party to enter into the transaction, and are relied on to his damage. Bell v. Bradshaw, CCA (n. w. h.) 342 S.W. 2d 185; 25 Tex.Jur.2d p. 707; United States Pipe & Fdy. Co. v. City of Waco, CCA, 100 S.W.2d 1099; Aff'd Sup.Ct., 130 Tex. 126, 108 S.W.2d 432. Contentions 1 and 2 are overruled.

■ We think the evidence ample to sustain the jury's finding in answer to Issue 2. The fact that Lippert stated additionally and truthfully, that 50 tons of air conditioning would cool the apartment; and the fact that plaintiff's contract was with Active, under the facts, does not relieve defendant Gas Company from liability on its false representations to plaintiff.

■ Defendant's third contention is there is no evidence to sustain the finding in answer to Issue 1, that Lippert was agent for defendant Gas Company.

Lippert was an engineer and employee of defendant Gas Company. The Gas Company benefited by plaintiff installing gas air conditioning. When defendant Gas Company sent Lippert to plaintiff, under the record, he had apparent authority to represent engineering facts to plaintiff, and the

jury were authorized to so believe. Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S.W. 1034, 51 A.L.R. 1, Affirmed Sup. Ct., 258 S.W. 462. Contention 3 is overruled.

Defendant's 4th contention is that there is no evidence of the value of the power unit or controls when installed; hence the trial court erred in rendering judgment based on Issues 12–15 (and that the $900. extraordinary maintenance item was improper.)

Plaintiff's 1st cross-point is that the trial court erred in not rendering plaintiff judgment for an additional $10,860.

The trial court found from the evidence that the power unit cost $6835, and that the controls cost $1200; · and then subtracted the jury's finding that same were worth $1200 and $200 on April 28, 1964 from the cost, and rendered judgment for the difference.

Plaintiff contends the evidence is undisputed that the duct system cost $13,860. and that the trial court should have subtracted the $3000. found by the jury in answer to Issue 11a to have been its worth on completion; and rendered plaintiff $10,860 additional judgment.

■ The contract price for the air condition system for plaintiff's apartments was $25,821.70. Plaintiff testified he asked Mr. Stinnett of Active Air Conditioning, for a breakdown on the cost, and was told by Stinnett that the duct work was $13,860; the power unit was $6835, and the controls were $1165. Defendant requested such breakdown testimony be limited to the case against Active Air Conditioning. The trial court overruled such motion. The testimony as to the cost of the duct system, power unit, and controls is hearsay and as such inadmissible as to defendant Gas Company. Without such evidence judgment could not properly be rendered for the diminution in value of the power unit, the controls, or the duct system. The $900.

## 488

item for extraordinary repairs was likewise an improper element under the record.

Defendant's 4th contention is sustained; and plaintiff's 1st cross-point is overruled.

■ Plaintiff's 2nd cross-point asserts the trial court erred in discharging defendant Lippert on motion for instructed verdict. Lippert admitted he did not do the engineering, despite his representations to the contrary. We think Lippert liable under such facts. Foix v. Moeller, CCA, Er. Ref., 159 S.W. 1048. Plaintiff's 2nd cross-point is sustained.

■ The issues as to whether Lippert was agent for the Gas Company, and whether the false representations are actionable are, we think, severable from the damage issue. See Rule 434 Texas Rules of Civil Procedure; Durham v. Scrivener, Tex.Com.App., 270 S.W. 161. Durham, supra, holds:

"The issue as to whether these deeds should be canceled by reason of fraud * * * is clearly severable from the issue as to what relief should be awarded the defrauded parties * * *.

"After a fair and impartial trial has been had in the trial court on the issue involving the cancellation of the deeds, it would indeed be unfortunate if the rules of procedure governing appellate courts were such that, without any apparent reason therefor, the trial court should again be required to determine this issue."

We hold defendants Gas Company and Lippert liable; and reverse and remand for new trial of the damage issue[1] alone.

Costs of appeal assessed one-half each against plaintiff and defendants Gas Company and Lippert.

Reversed and remanded.

1. See: Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889, pt. 1; Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 440, 128 A.L.R. 757, for measure of plaintiff's damages.