**M. S. LEVERIDGE, Sr., et al., Appellants,**

v.

**Alberto QUINTANA et ux., Appellees.**

**No. 16920.**

Court of Civil Appeals of Texas.

Dallas.

May 26, 1967.

Robert Stahala, of Garrett & Stahala, Fort Worth, for appellants.

D. Sam Coats, of Clark, West, Keller, Clark & Ginsberg, Dallas, for appellees.

BATEMAN, Justice.

This appeal involves only the venue of a third-party action. The appellees Alberto Quintana and wife, having been sued by the assignee of a promissory note signed by them, filed a third-party complaint against appellants, trading as Blue Ribbon Food Service, payee in the note, seeking indemnity and judgment over for the amount of any judgment rendered against them. Appellants' plea of privilege to be sued in Tarrant County was overruled on the ground that the note had been obtained by fraud committed in Dallas County, within the meaning of Vernon's Ann.Civ.St. Art. 1995, subd. 7.

The essential elements of fraud which the plaintiff in such a case must show are: (1) a false representation made by the defendant; (2) reliance thereon by plaintiff; (3) action by the plaintiff in reliance thereon; and (4) damage to the plaintiff resulting from such fraud or misrepresentation. Trinity Universal Ins. Co. v. Soliz, 241 S.W.2d 625 (Tex.Civ.App., El Paso 1951, no writ); Wilson v. Jones, 45 S.W.2d 572 (Tex.Comm'n App.1932, jdmt adopted). Appellants contend in three points of error that appellees failed to prove essential elements (1) and (4). These points are overruled.

The only testimony offered by appellees was their own, and it was undisputed. The appellees were nationals of Cuba and experienced some difficulty in understanding and speaking English. However, their testimony is clearly to the effect that when appellants' agent was endeavoring to persuade them to enter into a written contract for the purchase of frozen meats over a period of thirty months at a total cost of approximately $175, appellees raised the question that they had no freezer in which to store the meat, and were told by the agent that they did not need to have a freezer, that his principal would give them a freezer if they would buy the meat for thirty months; that he did not tell them he would sell or lease or rent a freezer to them; that when they told him they might return to Cuba before completing the food purchase program, the agent told them his principals would in that event pick up the freezer and appellees would be under no further obligation; that it was their understanding from what the agent said that if they purchased the meat the freezer would be furnished to them; that if the agent had told them he was selling them a freezer they would not have bought it because they could not afford it; and that they at no time had any intention of buying a freezer; that they then signed a food purchase contract whereby they agreed to pay $175 for seventeen weeks of food service; that after Quintana signed the multiple copies of the food purchase contract, the agent told him that he had inadvertently left out a sheet of carbon paper for one of the copies and requested appellees to sign that copy also; that this copy was not "filled out" when they signed it. The food purchase contract and the contract for the purchase of the freezer were both introduced in evidence, being on identical printed forms, and both containing the form of a promissory note, the one covering the food being for $175 plus a $7 carrying charge, or a total of $182, and the other, being for the purchase of the freezer, showing a purchase price of $599.-95, with taxes, insurance and carrying charges increasing this to a total of $778.69. Appellees admitted the genuineness of their signatures on both contracts.

■ Appellants argue that an action for fraud cannot be based on the breach of a promise to do something in the future unless it is also shown that the promisor did not intend to perform when he made the promise, and that no such showing was made in this case. That is a correct statement of law, but it is inapplicable here for in this case appellees proved that they were induced to sign the contract for the purchase of the food freezer, not by the promise of appellants to relieve them of their liability thereunder if in the future they decided to return to Cuba, or became dissatisfied with the meat, but by the representation that the blank form they signed was to have been another copy of the food contract and that the carbon paper for it had been inadvertently left out, this copy later appearing to have been filled out with the terms of a contract for the purchase of a freezer they did not intend to purchase and which they were told they would not have to purchase. North America Life Ins. Co. v. Wilburn, 392 S.W.2d 364 (Tex.Civ. App., Dallas 1965, no writ) and cases cited therein.

■ The testimony of appellees was sufficient to raise fact issues as to whether appellees were induced to sign the contract for the freezer by fraudulent misrepresentations of appellants' agent, and whether appellees relied upon such representations and acted thereon.

On the question of whether damage was shown to have resulted from such misrepresentations, appellants cite Sanders v. Select Ins. Co., 406 S.W.2d 937 (Tex.Civ.App., Dallas 1966, no writ), wherein we held that the requirement of a showing of damages resulting from fraudulent misrepresentations was not complied with in such a case merely by showing potential damages, or damages which might possibly be awarded in the future.

In such a case it is not necessary to prove the exact amount of the damages, but only that fraud was perpetrated in the county of suit and that some actual damage resulted therefrom. Cockburn v. Less, 257 S.W.2d 470 (Tex.Civ.App., Dallas 1953, mandamus den. and opinion approved in Cockburn v. Dixon, 152 Tex. 572, 261 S.W. 2d 689). In *Sanders* it was conceded that no actual damage was shown, but here it appeared without dispute that while Mr. Quintana was working in Louisiana his wife made certain payments which both of them understood were on the food purchase contract, but which they later learned were one or more of the installments of the note for the freezer. In fact, it was stipulated that appellees made four payments on the freezer. This in itself was sufficient to prove some actual damage, at least prima facie.

By overruling the appellants' plea of privilege, the trial court impliedly found that the essential elements of a case based upon fraud existed. There was evidence to support such implied findings, and the judgment must therefore be affirmed.

Affirmed.