**Melvin MENKING, Appellant,**

v.

**BISHMAN MANUFACTURING COMPANY, Appellee.**

**No. 739.**

Court of Civil Appeals of Texas, Corpus Christi.

May 31, 1973.

Houston Munson, Gonzales, for appellant.

Richard C. Keene, San Antonio, for appellee.

## OPINION

NYE, Chief Justice.

This is a products liability case. Melvin Menking sued the Bishman Manufacturing Company to recover damages for personal injuries sustained by him when a tire and rim exploded off of a tire changing machine designed and manufactured by the defendant. The case was tried and submitted to a jury upon various theories including negligence and misrepresentation. The jury in response to numerous special issues found several acts of negligence against the defendant and the plaintiff but refused to find that any of the acts were a proximate cause of plaintiff's injuries. It is from a take nothing judgment entered by the trial court that the plaintiff appeals.

The plaintiff was a part owner of a White's Auto Store. In connection with the store's business activities, plaintiff sold tires, balanced wheels, and repaired flats. In January of 1969, the plaintiff wrote to the defendant company requesting information on their wheel balancer which he had seen advertised in a trade journal. Mr. Vance Ottmer, a representative of the defendant company, contacted the plaintiff in response to his inquiry. The representative demonstrated the wheel balancer and a tire changer and eventually sold both units to the plaintiff.

Plaintiff testifed that Ottmer, the salesman, represented to him that the tire changing machine was as safe or safer than any other piece of equipment in the business. The plaintiff said that he had relied upon Ottmer's experience in selling tire changers and Ottmer's statement that this particular tire changing machine was as strong as any on the market.

The tire changer was admitted into evidence. Both the plaintiff and the defendant's salesmen testified as to the operations of the tire changer. A part of the testimony centered around the use of "chucks" which were material apparatuses used in

the operation of the machine. The evidence showed that there was a warning on the arm of the tire changer which stated "loosen the chucks before inflating the tire". The plaintiff testified that Ottmer told him to engage the chucks, thereby exerting lateral pressure on the tire, when airing the tire back up. The plaintiff stated that he always did this when airing up the tires. This contradicted the warning on the tire changer. Ottmer admitted that while he was demonstrating the airing of the tire to the plaintiff, he did so with the chucks engaged.

On July 15, 1969, the plaintiff was in the process of airing a tire back up (with the chucks in place) when the tire and rim exploded. The plaintiff suffered broken wrists, facial lacerations, and other injuries to his body. The tire hit the ceiling with sufficient force to raise the rafters and joist. It cracked a 4-inch cast iron sewer pipe which was on top of the ceiling. One of plaintiff's employees testified that he was watching the plaintiff air the tire back up. He testified that the plaintiff stated that he was going to put in a little more air than usual. The employee testified that he thought to himself that "the tire was going to pop and it did."

The jury answered the special issues as follows:

(1) That the defendant failed to design the tire changer with sufficient safety devices. But that (2) such failure was not the proximate cause of the injuries.

(3) That the defendant's salesman who trained the plaintiff failed to deliver an instruction booklet to the plaintiff; that (4) such failure was negligence; but that (5) it was not the proximate cause of the injuries.

(6) That the defendant failed to warn the plaintiff not to air up a tire with the chucks in place; that (7) such failure was negligence; but that (8) such was not the proximate cause of the injuries.

(9) Defendant failed to call attention to plaintiff of the existence of the warning label on the machine; that (10) such failure was not negligence; (11) the proximate cause issue was not answered.

The jury found that (12) the defendant represented to plaintiff to air up the tire with the chucks in place; that (13) such representation was relied upon by plaintiff; that (14) such representation was material; but that (15) such representation did not induce the plaintiff to buy the machine.

Special issue 16 A, B, and C found damages for plaintiff's injuries in the amount of $25,000.00.

Defensively the jury found that (17) the plaintiff's failure to loosen the chucks while inflating the tire was a misuse; but (18) that such misuse was not a proximate cause of plaintiff's injuries.

(19) The plaintiff used the machine in violation of the warnings on it given by the manufacturer. But (20) that was not a proximate cause.

(21) That the plaintiff knew of the dangers involved in inflating a tire; (22) that the plaintiff did not know the wheel would not be· held in place if it exploded; that (23) the plaintiff appreciated the danger of an exploding tire that was not held down; but (24) the plaintiff did not voluntarily expose himself to the risk of a tire exploding without being held down.

Thus the jury returned a verdict which found acts of misconduct against the defendant as well as the plaintiff, but the jury refused to find that any of such acts caused the plaintiff's injuries.

■ The appellant presents a number of points of error. In the first series, he complains of the trial court's refusal to disregard the issues of proximate cause (that were answered against him) and enter judgment for the plaintiff on the rest of the issues. The plaintiff contends that

he is entitled to recover upon the jury's affirmative findings to the several special issues showing defective design and negligence without a showing of any causal connection. This contention is without merit. Where there is a defect in the product, proof of negligence is excused. But proof that the defect in the product was the cause of the injuries complained of, is a necessary requirement for imposing liability on a seller. In Darryl v. Ford Motor Company, 440 S.W.2d 630 (Tex. Sup.1969) the Supreme Court said: ". . A manufacturer who places in commerce a product rendered dangerous to life or limb by reason of some defect is strictly liable in tort to one who sustains injury because of the defective condition." Proof of causation is a necessary element of a strict liability case. Technical Chemical Company v. Jacobs, 480 S.W.2d 602 (Tex. Sup.1972) and authorities therein cited.

■ The next reason the plaintiff asserts as a basis for reversal is covered in several of his points of error. He contends that special issues 2, 5, 8, and 15 are against the great weight and preponderance of the evidence. The appellant states that such points of error are germane to certain grounds set out in his amended motion for new trial and in his motion for judgment n. o. v. We have carefully read his entire amended motion for new trial and it does not in any place assert as grounds for a new trial the insufficiency of the evidence as to any issue. An insufficient evidence point can only be, and must be related to and based upon specific assignments of error for a motion for new trial to be considered. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Review 359 at 365 (1960) and Rules 324, 374, Texas Rules of Civil Procedure. The grounds of error asserted in his motion for new trial are no evidence points. Therefore, insufficient evidence points of error are improperly preserved for appeal. Samford v. Duff, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972, n. r. e.).

■ Appellant next asserts that the trial court erred in submitting "proximate cause in his charge to the jury" when he should have submitted "producing cause". This point is not properly before us. The appellant did not object to the court's charge in accordance with the Rules of Civil Procedure. In order for a party to complain on appeal that an instruction or definition is incorrect, his objection must point out distinctly the matter in which he objects and the grounds for his objection. The same must be reduced to writing and endorsed by the trial judge. Where the objections do not comply with the rules, they are deemed waived. See Rule 272, T.R.C.P.

■ Next the appellant complains that the trial court refused to submit a brace of two requested special issues (denominated 3 and 4 by the plaintiff). The first of the two requested issues (which was refused by the trial court) asked the jury to assume a disputed fact. The requested issue was:

"Do you find from a preponderance of evidence that the failure of the Bishman to design the tire changer with sufficient safety devices rendered the tire changer not reasonable fit for the purpose for which it was intended?

Answer 'yes' or 'no'."

The issue was not conditioned upon a favorable finding to a previous factual issue. The issue was not presented in substantially correct wording as provided by Rule 279, T.R.C.P. Therefore there is no grounds for reversal.

■ In appellant's sixth and seventh points of error he complains that the trial court committed reversible error in failing to submit two sets of special issues involving certain representations by the salesman to the defendant. The essential elements of actionable misrepresentation which a plaintiff must show are: (1) that a false representation was made by the defendant;

(2) that the plaintiff relied upon such representation; (3) that the plaintiff acted in reliance thereon and (4) that the plaintiff was damaged as a result of such representation. Leveridge v. Quintana, 416 S.W.2d 497 (Tex.Civ.App.—Dallas 1967). A statement or representation alone does not create an action for fraud. The statement must be proved to be false. Before a false statement becomes actionable, there must be a reliance by the complainant to his detriment. Finger v. Morris, 468 S.W.2d 572 (Tex.Civ.App.—Houston 14th Dist.1971).

 Appellant's first set of issues under his point of error No. 6 were properly refused by the trial court. The plaintiff did not plead the misrepresentation set out in the issue, and the set of issues were incomplete. They did not include all of the essential elements of fraud as set forth above. The same is true in appellant's second set of issues involving misrepresentation. Appellant did not correctly phrase the essential elements of fraud in the issues. 37 Am.Jur.2d Fraud and Deceit § 41; Martin v. Iroquois Mfg. Co., 207 S.W. 569 (Tex.Civ.App.—Dallas 1919); Bell v. Bradshaw, 342 S.W.2d 185 (Tex.Civ.App.—Dallas 1960); Houston Natural Gas Corporation v. Janak, 416 S.W.2d 484 (Tex.Civ.App.—Waco 1967 reversed on other grounds 422 S.W.2d 159 (Tex.)).

Finally the appellant complains in his point No. 9 that the "court erred in refusing to submit to the jury his requested instructions numbered 'II through VII'." He states that this point of error is germane to Ground 8 in his amended motion for new trial. Ground 8 in the motion for new trial sets out seven different theories of law in 7 sets of instructions to the jury. His point of error states "These instructions define various aspects of the law applicable to this particular case." This is not so. Some of the instructions are immaterial and irrelevant. Some are not applicable to this particular case. Appellant does not attempt to explain or brief each instruction as to the harm its failure to submit has caused him. The point does not present fundamental error. It embraces more than one specific ground of error in violation of Rule 418, T.R.C.P. The point is multifarious and does not need to be considered further. See T J Service Co. v. United States Fidelity & Guaranty Co., 472 S.W.2d 168 (Tex.Civ. App.—Corpus Christi 1971, n. r. e.). We have examined the court's charge and its instructions to the jury and do not find any reversible error.

All of appellant's points of error have been considered and are overruled. The judgment of the trial court is affirmed.