**SECURITY STATE BANK, Appellant,**

v.

**COMMERCIAL STANDARD TITLE INSURANCE COMPANY, Appellee.**

**No. 20321.**

Court of Civil Appeals of Texas, Dallas.

Aug. 8, 1980.

Rehearing Denied Sept. 24, 1980.

Stephen C. Howell, Brown, Herman, Scott, Dean & Miles, Fort Worth, for appellant.

Timothy J. Vineyard, Harry J. Martin, Jr., Hunter, Drake, Stewart, Salzberger & Vineyard, Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

STOREY, Justice.

Security State Bank has appealed from an order overruling its plea of privilege in a third-party action asserting a subrogation claim. The third party plaintiff, Commercial Standard Title Insurance Co., contends that venue is proper under subdivision 23 of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964), which provides in part that a corporation may be sued in the county in which the cause of action or part thereof arose. Se-

curity Bank contends that the trial court erred in retaining venue under subdivision 23 because no cause of action arises in favor of a subrogee until the subrogee has paid in full the subrogated debt or claim. We affirm on the ground that the third–party action may be maintained without prior payment of the main claim.

The facts are stipulated. Security Bank sold and by general warranty deed conveyed to R. V. Moore, Jr., a tract of land in Dallas County. The closing occurred in Dallas County and Commercial Standard there issued its owner's title insurance policy to Moore. Several years before the sale, a sanitary sewer easement across the land had been granted to the City of Grand Prairie. The easement, although recorded, was not shown as an exception in the title policy. Moore, a resident of Dallas County, sued Commercial Standard for damages arising out of the defect in his title. The suit was filed in Dallas County. Commercial Standard filed a third–party action against Security Bank as garrantor of Moore's title and sought indemnity under contractual subrogation rights retained in its title policy. Commercial Standard has declined to pay Moore's claim.

■ Under these facts, there can be no question that the cause of action, or a part thereof, arose in Dallas County. The precise question presented is whether the party claiming subrogation may assert a cause of action against Security Bank, the party primarily liable, before the subrogated claim is paid. The general rule is that a person who is subrogated to the rights of another may not enforce those rights until the claim of the latter against the debtor has been paid in full. *Providence Institution for Savings v. Sims,* 441 S.W.2d 516, 519 (Tex.1969). This rule is conceded by the parties in this case and was recognized in *American Employers' Insurance Co. v. Dallas Joint Stock Land Bank,* 170 S.W.2d 546 (Tex.Civ.App.–Dallas 1943, writ ref'd w.o.m.), which is cited by both parties.

■ However, the general rule is subject to exception. There is authority holding that a defendant who, on payment of the plaintiff's claim would be subrogated to plaintiff's rights against a third party, may maintain a third–party action in the main suit without first paying the plaintiff's claim if the plaintiff could have maintained the same action directly against the third party. This exception to the rule permits the rights of all parties to be settled in one suit.

This exception to the rule was applied in *Dallas Joint Stock Land Bank,* 170 S.W.2d 546. In that case the bank's president, Ferguson, had misappropriated bank funds and the bank sued American Employers' on its fidelity bond. American Employers' joined Ferguson seeking indemnity by way of equitable subrogation. Ferguson complained on appeal that American Employers' had no cause of action against him until it became subrogated to the bank's rights by payment of its claim. Despite its recognition of the rule regarding subrogated claims, the court overruled Ferguson's point holding that, because Ferguson was *primarily liable* to the bank, and at the bank's election could have been sued first for the same subject matter, his joinder prior to payment of the claim was authorized. The court also noted that Ferguson's liability was properly fixed in the one judgment which had first awarded the bank full recovery against American Employers'. For authority, the court relied on *Skipwith v. Hurt,* 94 Tex. 322, 60 S.W. 423, 425 (1901).

*Skipwith* was a suit by Clay County against the sureties on a former county treasurer's bond. The sureties joined the Farmer's National Bank because the bank had applied county funds to the payment of the treasurer's personal debt to the bank. The bank sought to have the case against it dismissed because the sureties had not paid the county's claim. In affirming the trial court's refusal to dismiss the bank, the *Skipwith* court observed that all of the defendants were liable for the one subject matter of the suit, that is, the county's money in Skipwith's hands. It posed the question:

[S]ince the sureties upon the bond had a good cause of action against the Farmers'

National Bank upon which they might have brought an independent suit against the bank, what reason is there that the bank should not be made a party to this action, so as to settle the rights of all parties in one suit?

The court concluded:

The act of the bank in misappropriating the money of the county made it primarily liable, at the option of the county; but, the county having elected not to sue the bank, the sureties ought not to be required to pay the money and await the result of a suit against the bank, but are entitled to settle the whole matter in this action.

The decisions in *American Employers'* and *Skipwith* are grounded on the proposition that if the third party is primarily liable and the claimant could have elected to proceed against it rather than against the subrogee, then the subrogee may assert a cause of action against the third party in the main case without first paying the claim. While not expressly made the basis for decision in *American Employers'* and in *Skipwith*, it is apparent that the same issues would need be tried a second time had the party primarily liable not been made party to the main suit. The court placed one further limitation upon the joinder, namely, that "parties cannot be so introduced as to prejudice the rights of those who have already commenced the litigation." The rationale of these cases may be applied to the case before us. Moore could have elected to proceed against Security on its general warranty rather than against Commercial Standard, and venue of the suit would lie in Dallas County under subdivision 23 because the cause of action, or a part thereof, arose in Dallas County. The subject matter of Moore's suit against Security Bank would have been the same, that is, the existence of the title defect and the resulting damage. Furthermore, the joinder of Security Bank in the suit between Moore and Commercial Standard could not have prejudiced either of those parties.

■ The question remains, however, whether the rationale of these decisions ap-

ply in venue cases. Security Bank contends that it does not and cites *Sanders v. Select Insurance Co.*, 406 S.W.2d 937 (Tex.Civ. App.–Dallas 1966, no writ), which was a venue case. In *Sanders*, a mortgagee sued the insurer, a fire insurance carrier, alleging that the insurer had wrongfully paid the insurance proceeds resulting from a fire loss to the property owners rather than to the mortgagee. Without payment of the mortgagee's claim, the insurer sought to join the owners in the suit in Dallas County, alleging that it was induced to pay the proceeds to them by their fraudulent or negligent representations. The owners filed pleas of privilege to be sued in Harris County, and, on appeal of the order overruling their pleas, contended that the insurer had failed to prove any damages resulting from the alleged representations. In reversing the trial court, this court sustained this contention stating that it was unwilling to extend the rule requiring proof of actual damages under subdivisions 7 and 9a of Article 1995 to be satisfied by proof of only potential damage as contended by the subrogee.

*Sanders* is distinguishable from *Skipwith* and *America Employers'* on the ground that the mortgagee could not have sued the owners on the same cause of action which it asserted against the insurer. This is demonstrated by the fact that the mortgagee's action against the owners was based upon fraud or negligence rather than upon the policy and different proof would have been required for recovery. Thus, *Sanders* is not controlling here.

We conclude therefore on authority of *Skipwith* and *American Employers'* that where, as here, the claimant could have first sued the person primarily liable but instead elects to sue another party liable by contract for the same loss, the latter may assert a cause of action in the main case against the person primarily liable without first paying the claim. Because the crucial question before us, namely, whether the subrogee has a cause of action without first paying the claim, has been answered affirmatively, it follows that venue over Se-

curity Bank lies in Dallas County because it is stipulated that the other events on which the cause of action is based occurred in that county.

Affirmed.